### 953.   REESE *v.* THE STATE.

1. The verdict was authorized by the evidence.
2. Where, in the argument of State's counsel, it was stated that the prosecutor was an officer of the law whose duty it was to prosecute, and, upon objection of the defendant's attorney, the court stopped counsel for the State, who then promptly withdrew the remark, and the jury were immediately instructed by the court not to give any consideration to the remark, the refusal to declare a mistrial, upon the defendant's motion because of the remark in question, was not error.
3. It is not error, in the trial of one indicted for assault with intent to murder, where evidence has been introduced tending to show that he shot at another with a pistol in return for a slap upon the face,, to instruct the jury that it is not every trivial provocation which in point of law will amount to an assault, nor every blow which will as a matter of law reduce a homicide from murder to voluntary manslaughter.
4. The sentence imposed in a trial court is not to be deemed, as matter of law, excessive, nor is it subject to review, unless the penalty exceeds that provided by law for the offense.

Conviction of shooting at another, from Sumter superior court —Judge Littlejohn.   December 23, 1907.

Submitted February 3,—Decided February 11, 1908.

*Howell B. Simmons,* for plaintiff in error.

*Frank A. Hooper, solicitor-general,* contra.

RUSSELL, J.   The defendant was indicted for assault with intent to murder, and was convicted of shooting at another, with recommendation that he be punished as for a misdemeanor.   The judge regarded the recommendation of the jury and sentenced the defendant to serve twelve months in the chain-gang.   The defendant moved for a new trial on the usual general grounds, and, at the hearing, amended his motion by adding six special grounds.   The alleged errors of which complaint is made may be divided into four

classes: (1) that the verdict is contrary to evidence; (2) that the court erred in refusing to declare a mistrial; (3) that the court erred in certain instructions to the jury; (4) that the sentence of the court is excessive.

1. The evidence fully authorized the verdict. That testimony which was the most favorable to the defendant established the fact that he shot at one Hollis Slaughter with a pistol two or three times, even continuing to shoot at him after he had retreated behind the counter. The only provocation or justification for the use of a deadly weapon was the fact that Slaughter slapped Reese's jaws. This would have authorized a blow with the fist in resentment, but certainly, in the absence of any proof of marked disparity of size and strength, it would not authorize the use of a pistol or other deadly weapon. The jury were authorized, under the law, however, to consider the provocation in mitigation of the offense, and they reduced their finding from assault with intent to murder to shooting at another. Regardless of any conflict which may have existed in the evidence, proof was offered which, if credible to the jury, was ample to warrant the verdict rendered. If the jury had believed that Hollis Slaughter had anything in his hand, or that the defendant had reason to believe from any prior statement made by Slaughter that he was in danger, or believed himself to be, they could have acquitted the defendant. The jury, however, preferred to disbelieve this theory.

2. In the fourth ground of the motion "movant contends that the court erred in refusing to declare a mistrial, on motion of defendant's counsel, when the attorney for the State was arguing to the jury, in conclusion, that the prosecutor was a white man and an officer of the law, and his duty was to prosecute; there being no evidence to support such an argument." The trial judge qualified his approval of this ground by an explanatory note, in which he states that at the beginning of the trial the solicitor-general announced that Mr. Redmond, a city policeman, was prosecutor, and the jury was purged by the court as to relationship to Mr. Redmond. During the argument of the defendant's counsel he used the expression, "the low down black sneak of a prosecutor." In reply to this argument Mr. Childers, of the counsel for the State, in his argument stated that the prosecutor was an officer of the State, whose duty it was to prosecute. When counsel for the de-

fendant objected to the argument, the court stopped Mr. Childers, who immediately withdrew his remark; and the court instructed the jury, at the time, not to give any consideration to the statement made by Mr. Childers. The court did not err in refusing to declare a mistrial, under the above circumstances. The statement of the judge as to Mr. Childers' prompt withdrawal of his remark, coupled with the timely instruction of the court to the jury, as well as the circumstance which gave rise to the incident, make it perfectly clear that no harm could have resulted to the defendant; his case was not prejudiced nor the verdict against him influenced by what had occurred.

3.   Exceptions to the charge of the court are contained in the 5th, 6th, 7th, and 9th grounds of the motion. In the 5th ground the movant contends that the court erred in failing to instruct the jury as to what is considered in law a reasonable doubt. We might decline to consider this ground, because no specific error is alleged; but upon examination of the charge of the court we have occasion to commend the method in which this subject is presented to the jury. The court, wherever necessary, instructs the jury that they must be satisfied of the guilt of the defendant beyond a reasonable doubt. This applies not only to the question of the defendant's guilt, but to that of the grade of offense of which he may be guilty, if the jury are satisfied he has violated the law. It is true that the judge did not attempt a lengthy definition of what is meant by the words "reasonable doubt." We think, for that very reason, he left the minds of the jury more free from doubt as to what is intended by that term than if he had labored to define it. The words "reasonable doubt," given, as they should be, their general, ordinary signification, have a meaning so obvious that most attempts at explanation are more confusing than helpful. The 6th and 9th grounds are mere incomplete excerpts from the charge of the court, and no error is assigned or specified for our consideration.

3.   In the 7th ground it is averred that the court erred in charging the jury, "nor is it every trivial provocation which in point of law will amount to an assault, or every blow which will, as a matter of law, reduce a homicide from murder to voluntary manslaughter." The error assigned is that under the contentions of the defendant, this charge is incomplete and insufficient. This can hardly be said to be a sufficient assignment to demand our consideration,

because it is not stated wherein the instruction complained of is insufficient or incomplete. An examination of the charge of the court demonstrates that the exception is without merit. The judge, after telling the jury that there must be an actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury upon the person killing, or other equivalent circumstance, to justify the excitement of passion and to exclude all idea of deliberation and malice, in order to reduce the homicide from murder to manslaughter, proceeds to say to the jury: "There must be provocation such as justifies the excitement of passion and excludes all idea of deliberation or malice. Nor is it every trivial provocation which, in point of law, will amount to an assault, or every blow which will, as a matter of law, reduce a homicide from murder to voluntary manslaughter. It is a question for the jury whether the provocation is sufficient to excite such passion. It must be provocation sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice, express or implied." We hold this to be sound law. Certainly the plaintiff in error in this case could not complain of it, even if the judge's charge were not correct; for the jury, by their finding, gave the defendant the benefit of the theory that he shot in anger, and not in malice.

4. The 8th ground of the motion complains that the judge erred in sentencing the defendant to twelve months in the chain-gang, without alternative. The contention of the plaintiff in error is that the sentence is excessive. This court has no jurisdiction to control the discretion lodged in the trial judge as to imposition of penalties. An assignment of error upon the ground that the sentence is excessive will not be sustained, unless the sentence exceeds the limits provided by law for the punishment of a violation of the offense in question. *Judgment affirmed.*