## 2247.  TAYLOR *v.* THE STATE.

1. The indictment, in addition to charging that the defendants committed unlawful acts of violence, alleged that the persons accused, "being assembled and gathered together, and acting with a common intent, unlawfully, violently, and tumultously did make a great noise, riot, tumult, and disturbance, to the great terror of Will Lovelace and others."  It was therefore not error for the court to charge the jury, in explanation

16

of the nature of the offense of riot, that "the act need not necessarily be an unlawful act in a violent and tumultous manner. If you believe the defendant, in connection with others and acting with a common intent, did an unlawful act or any other act in a violent and tumultous manner, you would be authorized and it would be your duty to convict him."

2. The sentence imposed, being within the limits prescribed by law, is not subject to review. *Reese* v. *State*, 3 *Ga. App.* 610.

3. There was no evidence that the plaintiff in error and his associates were guilty of any unlawful act of violence; and the testimony failed to show that any act of the defendant himself or in conjunction with others was done in a violent and tumultuous manner. Consequently the verdict was without evidence to support it. To transmute acts which are intrinsically lawful into a riot, the commission of such acts must be attended with *both* violence and tumult. Both ingredients are essential in order to cause the reaction which is necessary to change the quality of a lawful act. Neither noise alone nor violence alone attending the performance of a lawful act can make a riot.

DECIDED SEPTEMBER 20, 1910.

Accusation of riot; from city court of Griffin—Judge Flynt October 8, 1909.

*Robert T. Daniel, Thomas E. Patterson,* for plaintiff in error.

*William H. Beck, solicitor,* contra.

RUSSELL, J. 1, 2. The first and second headnotes are self-explanatory.

3. To show that one is guilty of the crime of riot, the act in which he must engage or participate in concert with another or other persons must be either an act of violence expressly declared by law to be unlawful, or it must be some act which (though it would not necessarily be criminal) is committed so violently and is attended with such tumult as that the manner in which the act is performed disturbs the public peace. Riot is essentially an offense against the public peace and good order, and looks to this rather than an infraction of the personal rights of any particular individual as such. The common-law offense of riot did not include that class of riots where two or more persons with a common intent do any act in a violent and tumultous manner (which, from its present nature, must be peculiarly an offense against the peace of the public); and yet, at common law, riot was specifically classified as a public wrong and as an offense against the public peace. 4 Chit. Bl. 108. Of course, where the rioters commit an unlawful act of violence, the violation of the personal rights of a certain individual may be a paramount consideration; and in this form of

riot it is not necessary that the act which the law penalizes as a riot shall be done in a tumultous manner, because the act in such case is of itself a crime, and the common intent of the perpetrators and their concert of action only constitute an additional ingredient of the crime, and thereby aggravate the offense. The new criminal element is that of conspiracy; and when this element is the inspiration of an unlawful act (or crime) of violence participated in by two or more, the crime resultant from the union is riot. It is enough in such a case if the proof shows that the unlawful act was one involving violence, and was participated in by two or more. But in the extension of the offense of riot, as defined in section 354 of the Penal Code of 1895, beyond its common-law definition, so that the commission (by two or more persons) of a lawful act in a violent and tumultous manner is made a crime (as the act done is, of itself and disconnected from *the manner* in which it is done, a *lawful* act),the proof must show not only that the act in which the rioters were jointly engaged was an act involving violence, and in the execution of which violence was actually employed, but that it was done in a tumultous manner, so as to disturb the public peace.

The offense in such a case is wholly one against the public peace and tranquility, and though an act be *violently* done by two or more persons, yet if it be a *lawful* act, and if there is no attendant tumult which disturbs the public peace, there is no riot.

*Judgment reversed.    Powell, J., dissents.*