### HURT v. BARNES.

EVANS, P. J.  1. The overruling of a demurrer to a plea, and of objections to an amendment to a plea, can only be taken advantage of by timely exception; such rulings are not proper ground for new trial. *Hawkins v. Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190); *Bullock v. Cordele Sash etc. Co.*, 114 *Ga.* 627 (40 S. E. 734).

2. Upon interlocutory orders and rulings, not excepted to pendente lite, error can not be assigned in a bill of exceptions to the overruling of a motion for new trial, certified more than thirty days after the adjournment of the court at which such interlocutory orders were passed or rulings made. *Bullock* v. *Cordele Sash etc. Co.*, supra; *City Council of Waycross* v. *Youmans*, 85 *Ga.* 708 (11 S. E. 865).

3. In an action for damages for an alleged malicious arrest, where the defendant denies the allegations of the petition and pleads a set-off arising in tort, an omission to charge on the effect of the advice of counsel as bearing on the question of damages will not require a new trial; there being no request so to charge, and the court's charge not being sent up as a part of the record.

4. Even if it was material to prove that the plaintiff had an interest in a certain estate, testimony that he was offered a certain sum of money for such interest is incompetent to prove the factum of interest.

5. A general verdict for the defendant is supported by the evidence.

*Judgment affirmed.  All the Justices concur.*

OCTOBER 15, 1913.

Action for damages.  Before Judge James B. Park.  Baldwin superior court.  September 16, 1912.

*Sibley & Sibley*, for plaintiff.

*D. S. Sanford* and *Livingston Kenan*, for defendant.