## 7411.  WILKINSON *v.* THE STATE.

WADE, C. J.  1. The ground of the motion for a new trial in which it is alleged that the court erred in striking the plea of misnomer can not be considered, since "a ruling of the court in striking a plea can not be made the ground of a motion for a new trial. *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190)." *Methodist Episcopal Church South* v. *Dudley Sash &c. Co.,* 137 *Ga.* 68 (3) (72 S. E. 480). See also *Richards* v. *Shields,* 138 *Ga.* 583 (75 S. E. 602) ; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623) ; *Hurt* v. *Barnes,* 140 *Ga.* 743 (79 S. E. 775) ; *Hester* v. *Keen,* 141 *Ga.* 832 (82 S. E. 250) ; *McFarland* v. *Lee,* 10 *Ga. App.* 698 (73 S. E. 1091) ; *Pilgrims Health & Life Insurance Co.* v. *Scott,* 12 *Ga. App.* 749 (78 S. E. 469) ; *Wills* v. *Young,* 15 *Ga. App.* 352 (83 S. E. 275).

2. A ground of the motion for a new trial based upon the admission of testimony is altogether vain and futile unless the ground is complete in itself and shows what objections to the testimony were urged at the time it was offered or admitted. *Register* v. *State,* 10 *Ga. App.* 623 (74 S. E. 429) ; *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414) ; *Cook* v. *State,* 134 *Ga.* 347 (67 S. E. 812) ; *McCray* v. *State,* 134 *Ga.* 416 (68 S. E. 62) ; *Georgia Railroad* v. *Daniel,* 135 *Ga.* 108 (68 S. E. 1024) ; *Jones* v. *State,* 135 *Ga.* 357 (69 S. E. 527) ; *Johnson* v. *Ware,* 135 *Ga.* 365 (69 S. E. 481) ; *Glasco* v. *State,* 137 *Ga.* 336 (73 S. E. 578) ; *Hill* v. *Chastain,* 138 *Ga.* 750 (75 S. E. 1130).  And it must appear that the same objection urged in the motion for a new trial was made upon the trial. *Murphey* v. *Creamer,* 10 *Ga. App.* 593 (74 S. E. 61) ; *Cooner* v. *State,* 16 *Ga. App.* 539 (85 S. E. 688), and cases there cited. The ground of the motion for a new trial which complains that the court erred "in allowing, over objection of the defendant," certain testimony therein set forth can not be considered, as it fails to disclose what objection to the testimony was made upon the trial.

3. There is no merit in the ground complaining that the court failed to

charge and instruct the jury as to what constituted a lewd house. The court charged the jury in the exact language of section 382 of the Penal Code, which defines the offense of keeping a lewd house, and if any fuller or more specific instruction or definition was desired, a timely written request therefor should have been interposed.

4. There is no merit in the ground that the punishment imposed upon the defendant was excessive, since it appears that the sentence was within the limits fixed by law, and therefore was entirely a matter of discretion with the trial judge.

5. The evidence amply authorized the verdict, and the trial court did not err in overruling the motion for a new trial.     *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Indictment for keeping lewd house; from Wilkes superior court —Judge Walker. March 18, 1916.

*Colley & Colley,* for plaintiff in error.

*R. C. Norman,* solicitor-general, contra.