15502.   OWENS *v.* THE STATE.

The ground of the motion for a new trial alleging that the admission of certain testimony over objection was error for stated reasons is defective in not showing what specific objection was stated to the court at the time the testimony was admitted.

The ground of the motion for a new trial based on refusal to declare a mistrial on account of language of the solicitor-general, in his argument to the jury is defective in not showing that counsel for the movant gave to the judge any reason why the statement objected to was cause for a mistrial.

A new trial is not required because of the instructions of the court complained of.

The sentence imposed, being within the limits prescribed by law, is not subject to review.

DECIDED JUNE 10, 1924.   REHEARING DENIED JULY 15, 1924.

Indictment for larceny of automobile; from Bibb superior court —Judge Mathews. February 25, 1924.

*John R. Cooper* and *W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

27

LUKE, J. 1. A special ground of a motion for a new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the evidence was admitted; otherwise no question is raised for determination. See *Boatright* v. *State,* 30 *Ga. App.* 10 (1) (116 S. E. 557), and citation. Under this ruling, ground 1 of the amendment to the motion for a new trial cannot be considered.

2. The ground of the motion for a new trial based upon the refusal to declare a mistrial is too defective to be considered. The motion for a mistrial was made because of certain language used by the solicitor-general in his argument to the jury, and it is alleged in the ground that the statement of the prosecuting officer was unauthorized by the evidence, but it does not appear from the ground that at the time of the motion such allegation was made to the trial court. The ground fails to show that counsel for the accused gave to the trial judge any reason why the statement of the solicitor-general was cause for a mistrial.

3. Neither of the excerpts from the charge of the court complained of in grounds 3 and 4 of the amendment to the motion for a new trial shows cause for a reversal of the judgment below.

4. Ground 5 complains that "the sentence as imposed by the jury in this case, of two years as the minimum and two [three] years as the maximum, is out of proportion to the enormity of the crime charged, and tends to deprive the defendant of his liberty without due process of law, and to deny to him the equal protection of the laws, as guaranteed to him under the constitution of the State of Georgia and the United States of America." There is no merit whatever in this ground. "The sentence imposed, being within the limits prescribed by law, is not subject to review. *Reese* v. *State,* 3 *Ga. App.* 610." *Taylor* v. *State,* 8 *Ga. App.* 241 (2) (68 S. E. 945).

5. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*