29912. McHENRY v. THE STATE.

DECIDED JANUARY 12, 1943.

*J. C. Bowden,* for plaintiff in error.

*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye, Lindley W. Camp,* solicitor, contra.

MacINTYRE, J. The defendant was convicted of stabbing. Certiorari was overruled, and she excepted.

1. The testimony as it appeared from the untraversed answer of the trial judge was in part as follows: Mary Johnson testified that she was stabbed by Lulrose McHenry, and at the time she was stabbed she was not doing anything to cause Lulrose to stab her. "Lulrose claimed that I had been telling lies on her, but I tried to explain to her that this was untrue. . . I had to remain in the hospital about a week, and it was sometime before I could go back to work." Elnora Hopkins testified that she saw Mary Johnson and Lulrose talking, though she could not understand distinctly what was being said. "I did not see Mary Johnson trying to strike Lulrose, but Lulrose just suddenly pulled out an ice pick and stabbed Mary Johnson." The answer to the writ of certiorari, which was neither excepted to nor traversed, must be accepted as conclusive and accepting such answer as true the certiorari was properly overruled. *Brown* v. *State,* 38 *Ga. App.* 682 (145 S. E. 485).

2. "The sentence imposed in a trial court is not to be deemed, as matter of law, excessive, nor is it subject to review, unless the penalty exceeds that provided by law for the offense." *Reese* v. *State,* 3 *Ga. App.* 610 (4) (60 S. E. 284). Hence the assignment of error on the ground that the sentence of eight months on the public works without the alternative of paying a fine was excessive, will not be sustained where the sentence did not exceed the limit provided by law for the punishment of the crime for which the defendant was convicted.

*Judgment affirmed. Broyles, C. J. and Gardner, J., concur.*