### 35354. Bowman *v.* The State.

Gardner, P. J. 1. Herbert Bowman was convicted of fornication under Code § 26-6001, and sentenced to 12 months "In a public works camp or otherwise . . ." The defendant filed his motion for a new trial on the general grounds and thereafter added eight special grounds. The court denied the motion, and the defendant assigns error on that judgment.

As to the general grounds, the defendant states in his brief that he insists upon them, but he did not argue them. Then, in regard to the general grounds, there is ample evidence which authorized the jury to find that the defendant and the prosecutrix committed the act of fornication within two years preceding the filing of the indictment. The general grounds are without merit.

2. Special ground 1 alleges that the court erred in admitting testimony as to acts of intercourse subsequent to the act alleged as seduction. Counsel for the defendant cites in support of this contention the following: Code § 38-202; *Nesbit* v. *State,* 125 *Ga.* 51 (54 S. E. 195); *Chambers* v. *State,* 76 *Ga. App.* 269, 270 (45 S. E. 2d 724); *Wright* v. *State,* 76 *Ga. App.* 483, 484 (3), 488 (46 S. E. 2d 516). These authorities do not sustain this contention. It must be kept in mind that the indictment

and the plea of not guilty by the defendant put in issue the offenses of seduction and fornication. Proof of any act of intercourse within two years preceding the indictment was admissible on the issue of fornication. See, in this connection, *Barton* v. *State*, 53 *Ga. App.* 207 (185 S. E. 530); *Conley* v. *State*, 73 *Ga. App.* 53 (5) (35 S. E. 2d 569); *McTyier* v. *State*, 91 *Ga.* 254 (1) (18 S. E. 140); *Parker* v. *State*, 11 *Ga. App.* 251 (2) (75 S. E. 437); *Wood* v. *State*, 48 *Ga.* 192 (15 Am. R. 664).

Special ground 2 complains because the court excluded evidence tending to show bad character of the sister of the prosecutrix. The sister was neither a party nor a witness. The defendant calls our attention to *Thomas* v. *State*, 19 *Ga. App.* 104 (91 S. E. 247). The defendant in that case was convicted of seduction, and that case has no application in the instant case, where the defendant stands convicted of fornication. See also *Western & Atlantic R. Co.* v. *Vaughan*, 113 *Ga.* 354 (1) (38 S. E. 851), and *Byrd* v. *State*, 187 *Ga.* 328 (4) (200 S. E. 671). The record also shows that no witness was offered for the purpose of showing the alleged bad character or the name of the proposed witness, or the proposed testimony. This motion is without merit. See *Arrington* v. *Awbrey*, 190 *Ga.* 193 (1) (8 S. E. 2d 648); *Lee* v. *Holman*, 184 *Ga.* 694 (7) (193 S. E. 68); *Adams* v. *State*, 34 *Ga. App.* 144 (2) (128 S. E. 924); *Watkins* v. *State*, 29 *Ga. App.* 320 (114 S. E. 915).

Special ground 3 assigns error because the court nowhere charged the jury that evidence of other acts of intercourse between the parties subsequent to the date alleged and charged in the indictment and the date on which the prosecutrix testified the act of seduction took place was admitted only as a circumstance tending to prove the guilt of the defendant of the crime charged, and that such evidence should be considered only as circumstantial. Nowhere was the request made for such a charge. Moreover, the defendant was convicted of fornication and not seduction, and any evidence as to the act of fornication only was properly submitted to the jury which might tend to show intercourse between the parties at any time within two years prior to the date the indictment was filed. In *Roberts* v. *State*, 40 *Ga. App.* 732 (2) (151 S. E. 240) this court said: "One charged with seduction, and found guilty of adultery and fornication only, will not be heard to complain of alleged errors which could have been prejudicial to him only in the event of his having been convicted of seduction." See also *Moulton* v. *State*, 18 *Ga. App.* 285 (3) (89 S. E. 341). Counsel for the defendant cite no authority to sustain their position and we know of none.

Special ground 4 assigns error because the court refused a new trial on alleged newly discovered evidence. The essence of the newly discovered evidence was a purported alibi that the defendant could not have been present in Hall County at the time the "first" act of intercourse took place, and that he could not have obtained proof of such alibi at the time the second trial was in progress. The State filed a counter-showing setting up that this was the second trial of the case. Motions for a new trial on newly discovered evidence are not favored. Such motions are addressed to the sound discretion of the court and will not be disturbed unless there was a manifest abuse of discretion. See *Herrin* v. *State*, 71 *Ga. App.* 384 (2) (31 S. E. 2d 124); *North* v. *State*,

69 *Ga. App.* 836 (2) (26 S. E. 2d 892); *Jackson* v. *State*, 56 *Ga. App.* 250 (2) (192 S. E. 454); *Kennedy* v. *State*, 9 *Ga. App.* 219 (4) (70 S. E. 986); *Johnson* v. *State*, 196 *Ga.* 806 (27 S. E. 2d 749); *Wright* v. *State*, 184 *Ga.* 62, 71 (9) (190 S. E. 663); *Buttersworth* v. *State*, 200 *Ga.* 13 (3) (36 S. E. 2d 301). The court did not abuse its discretion in the instant case in overruling this ground.

Special ground 5 complains because the court erred in failing to grant a mistrial on account of a certain improper remark made by the solicitor-general in the presence of the jury. This remark of which complaint is made was as follows: "It wouldn't mean a dime to the child if they [meaning the jury] convicted this defendant." In a verdict of fornication, in view of the remarks by the court to the jury that the remark of the solicitor-general was to be disregarded, we do not believe that the remark of the solicitor could in any way have prejudiced the rights of the defendant. This ground is without merit.

Special ground 6 complains because, as contended, during part of the trial and while the case was being argued, the trial judge was asleep. The judge disapproves this ground as follows: "The recitals of fact contained in ground 6 of the amended motion are hereby approved as being true. Except that the wording, 'The Court: I was taking a nap about that time and didn't hear the solicitor's argument,' is hereby qualified to the following extent: That the word 'nap' was spoken by the court as a figure of speech and was not to be taken literally, and the court at no time was asleep during the trial of the case, but at this particular time, the court was not paying any attention to the argument of the solicitor." Moreover we can discern no injury by what transpired as alleged in this ground. This ground is without merit.

Special ground 7 complains because the court sentenced the defendant to 12 months' confinement in a work camp of the State, without the privilege of paying a fine. It is contended that this was an excessive, cruel, and unjust punishment. The defendant was convicted of a misdemeanor. The punishment for a misdemeanor will be found in Code § 27-2506. That section provides: "Misdemeanors, how punished.—Except where otherwise provided, every crime declared to be a misdemeanor shall be punishable by a fine not to exceed $1,000, imprisonment not to exceed six months, to work in the chain gang on the public roads, or on such other public works as the county or State authorities may employ the chain gang, not to exceed 12 months, any one or more of these punishments in the discretion of the judge . . ." In *Brown* v. *State*, 8 *Ga. App.* 691 (2) (70 S. E. 40) this court said: "If the sentence of the court is within the limits prescribed by law for the offense charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it." See *Reese* v. *State*, 3 *Ga. App.* 610 (60 S. E. 284); *Taylor* v. *State*, 8 *Ga. App.* 241 (68 S. E. 945); and *Wilkinson* v. *State*, 18 *Ga. App.* 330 (4) (89 S. E. 460). This ground is without merit.

Special ground 8 complains of certain evidence, which was alleged to have been illegally admitted over objections of the defendant, which evidence is as follows: "What I want out of this is a name for my child. Q. Whose name do you want? A. Its father's." It is alleged that this evidence was irrelevant and prejudicial to the defendant. Counsel

for the defendant rely for a reversal on this ground on the case of *Parker v. State*, 11 *Ga. App.* 251, 252 (3) (75 S. E. 437) and *Conley v. State*, 73 *Ga. App.* 53 (2) (35 S. E. 2d 569). This ground complains of the prosecutrix's testimony as to what she wanted out of the case. To properly determine whether or not the court's ruling in the instant case was reversible error, we must to some extent review the whole record. Counsel for the defendant has sought to show that the transaction was begun for the purpose of obtaining money. The record reveals by cross-examination of the prosecutrix and by the defendant's statement that the purpose of the transaction was to obtain money. The defense sought to impeach the testimony of the prosecutrix by ascribing a pecuniary interest in the case therein. The State had a right to rebut this inference and to show what interest the prosecutrix had, if any, in the matter. See *Sweeney v. Sweeney*, 121 *Ga.* 293 (4) (48 S. E. 984) and *Haynes v. Phillips*, 67 *Ga. App.* 574 (1) (21 S. E. 2d 261). It became a matter for the jury to determine by their verdict as to the bias and prejudice of the witness. The interest of a witness in a suit does not disqualify the witness per se, but merely aids the jury in arriving at the credibility of the witness. See *Hall v. Turner*, 198 *Ga.* 763 (2) (32 S. E. 2d 829), and *Mason v. State*, 17 *Ga. App.* 377 (86 S. E. 1072). The State had a right to show interest or lack of interest in rebuttal to the testimony of the defense. There is no merit in this ground.

The court did not err in denying the motion for a new trial for any of the reasons given.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 7, 1954—REHEARING DENIED NOVEMBER 4, 1954.

*Robert E. Andrews, Johnson & Johnson, Hammond Johnson,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General,* contra.