## 62561. MOSS v. THE STATE.

BANKE, Judge.

Charlie Moss appeals his conviction of rape and assault with a deadly weapon, enumerating as error, among others, lack of venue in Clayton County where he was tried.

The victim, a 59-year-old woman, testified that the defendant abducted her in the southeast section of Atlanta shortly after 1:00 p.m. An alert convenience store employee saw her about 11:00 p.m., nude and battered, in the rear seat of the defendant's car, when he stopped to seek directions. The police were alerted, and the defendant was apprehended. The convenience store and the point of apprehension are both in Clayton County. The victim was unable to state where the defendant took her, or in what county she was raped. The defendant, while denying any wrongdoing, admitted being with the victim in his car for over five hours in Fulton, DeKalb, and Clayton counties. *Held:*

1. "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." Code Ann. § 26-302 (h). ". . . [C]ircumstantial as well as direct evidence may be used to establish venue. *Loftin v. State,* 230 Ga. 92, 94 (195 SE2d 402) (1973). Venue is a question to be decided by the jury and its decision will not be set aside so long as there is any evidence to support it. [Cits.]" *Alderman v. State,* 241 Ga. 496, 509 (246 SE2d 642) (1978). Although there is evidence that the victim was with the defendant in two other counties, there is no evidence that she was raped or assaulted there. The issue was properly submitted to the jury, and the evidence was sufficient to support the jury's determination that venue was in Clayton County.

2. Appellant further contends that the evidence was insufficient to establish the commission of either offense. Although the victim could not testify as to penetration, the evidence was sufficient to authorize the jury to find that rape occurred. Photographic evidence as well as medical testimony established that the victim was savagely beaten. Her testimony was that after her clothes were removed in the woods, that the defendant got on top of

her, and that he subsequently knocked her unconscious. There was ample medical testimony to authorize the jury's finding that forced sexual intercourse took place.

The evidence is, however, insufficient to establish the defendant's guilt of assault with a deadly weapon. Although a small pocketknife was in his possession at the time of his apprehension, there is no evidence that he used it or that the victim even saw it during her ordeal. The medical testimony was to the effect that she was "full of scratches and bruises." The victim testified that she was severely beaten but did not testify that she was threatened with a knife. Thus, there was no evidence of an assault with a deadly weapon, and that conviction must be reversed.

*Judgment affirmed in part and reversed in part. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 13, 1981.

*Charles J. Vrono, Leonard N. Steinberg,* for appellant.
*Robert Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.