## 73009. NELSON v. THE STATE.
### (352 SE2d 804)

BEASLEY, Judge.

Nelson, convicted of robbery (OCGA § 16-8-40 (a) (1)) appeals on the ground that the admission of evidence of an eleven-year-old crime as a like act was error. He argues that the similarities were not strong enough to outweigh the prejudice to the accused of an incident this far removed from the charged crime.

1. The crime on trial involved an elderly patient leaving Grady Hospital on foot at about 7:00 p.m. on October 4, 1985. He was approached by the defendant and two women. A police officer witnessed the defendant and the women talking to the victim. The victim stated "No, I'm not . . . ," at which point the defendant went behind the victim, struck him, went through his pockets after he fell, and took his wallet. The defendant then was seen to give some money to the women before he was apprehended by the officer. When questioned, the defendant said he was "helping him up."

The earlier crime occurred in 1974 when a decoy team of the police department was deployed in the Williams Street area of Atlanta

at approximately 8:00 p.m. One officer was dressed as a derelict and was kneeling as if drunk and coughing. The defendant approached him and offered to help him up. Instead, the defendant held him down with one hand while, with the other hand, removing from his pocket a wallet containing money. The defendant, charged with robbery by force, pled guilty to theft by taking.

Defendant does not contest his identity as to either occasion but complains that the incidents are too dissimilar to be admissible and that the eleven-year interval so weakens any similarity as to make the prejudice of the earlier incident's admission outweigh its probative value, that is, its relevancy to the issues on trial. See *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975).

2. Generally, evidence of other crimes committed by an accused is irrelevant and inadmissible because it tends to place the defendant's character in issue, OCGA § 24-2-2. Evidence of independent crimes is admissible, however, if it is shown that the defendant was in fact the perpetrator of the independent offense and there is a "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980); *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984); *Watson v. State*, 180 Ga. App. 82, 83 (1) (348 SE2d 557) (1986).

In the case of *Hall v. State*, 180 Ga. App. 366, 368 (2) (349 SE2d 255) (1986), it was nine years. Here it is a more weighty factor, because there were no intervening similar crimes to draw it more clearly, as in *Campbell*, supra.

The mere passage of time is not wholly determinative of the admissibility of a similar act, although it is a factor. *Campbell v. State*, supra. *Rich v. State*, 254 Ga. 11 (325 SE2d 761) (1985) recognized that an eleven-year gap is not prohibitive.

The ultimate test for admissibility is relevance to the issues on trial, not mere similarity. "The inquiry is whether the proof of the extrinsic crimes tends to prove the crime charged. This may not be proved by showing the commission of other crimes to prove that the accused has a criminal nature." *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40) (1983). Depending on the purpose for which the evidence is introduced, the degree of similarity or connection required may vary. *Felker*, supra at 359. It must be "substantially relevant for some other purpose than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character." *Walraven v. State*, 250 Ga. 401, 407 (297 SE2d 278) (1982) (quoting McCormick on Evid., § 190 at 447, 2d ed. 1972).

The state tendered the similar incident to prove intent and scheme of conduct, both of which are recognized purposes for the use of similar acts. In *Duncan v. State*, 155 Ga. App. 624, 625 (2) (271

SE2d 878) (1980), the defendant befriended victims, robbed them; when accused, he would in turn accuse the victims of homosexual advances to induce them not to press charges. This "scheme of defense" or modus operandi was acknowledged as a valid use of like acts. The defense here was that Nelson was helping the victims get up, not thieving as he told the officers when approached on each occasion. Thus, intent and state of mind and motive were crucial: What, in fact, was he doing? To make this determination his intentions had to be ascertained.

The two incidents here, even though separated by a long period of time, show similarities sufficient to make the introduction of the similar act not unlawful. Both victims were at a disadvantage, one due to age and one due to apparent intoxication. Both crimes took place on downtown Atlanta streets near dusk and involved the removal of a wallet from the victim's pocket. In both instances, some degree of physical force by the use of hands was used. Most striking, the perpetrator in both cases contended that he was merely trying to help the victim. That two women were involved in the current crime and that lesser force was used in the prior one do not make it dissimilar as a matter of law. The incidents are not required to be exact duplicates, but merely to be sufficiently similar or connected to meet the threshold for admission.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JANUARY 8, 1987.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Robert A. Weathers, Assistant District Attorneys*, for appellee.