76311. FLAGG v. THE STATE.
(370 SE2d 46)

BEASLEY, Judge.

Defendant appeals his conviction of armed robbery, OCGA § 16-8-41. He contends the court erred in admitting evidence of other crimes as testified to by three witnesses and in imposing a sentence of ten years to serve based upon a misconstruction of OCGA § 16-8-41 (b).

1. Before evidence of an independent crime is admissible to show motive, intent, plan, identity, bent of mind or course of conduct, two principal conditions must be met: 1) there must be evidence that defendant was the perpetrator; 2) there must be sufficient similarity or logical connection between the independent crime and offense charged so that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980); *Thompson v. State*, 178 Ga. App. 723, 724 (2) (344 SE2d 696) (1986). See *Devane v. State*, 183 Ga. App. 60, 63 (2) (b) (357 SE2d 819) (1987). This does not violate OCGA § 24-9-20 (b) or § 24-2-2. Defendant does not question the

purpose for which the evidence was admitted nor does he argue that he was not the malefactor but contends that the State failed to establish the second prong, that the other offenses and the charged offense were similar or logically connected.

The victim, an elderly white female, had just returned to her home from shopping and had gone inside. She answered the doorbell and found defendant standing there. He grabbed and threw her to the floor, demanding the jewelry she was wearing and her pocketbook. He rummaged through her house and forced her at gunpoint into a closet. He then fled after taking some $15,000 to $20,000 in jewelry and money.

The other crimes were robberies and were related by three victims. The differences which defendant points out are: two of the victims had not been shopping; two were robbed at later hours; one was robbed on Friday; defendant did not enter the homes of two of the victims.

The alleged differences are not decisive when the similarities are considered. In all instances, the crimes were committed against elderly white females who had just returned to their premises by automobile and who were forcibly pushed to the ground or floor and robbed of their jewelry and money by a single individual. Two of the other offenses were committed within a week either way of the indicted offense and the third was seven months earlier, one involved the use of a gun and another occurred when defendant gained access into the victim's home. Considered as a whole, each of the instances of robbery were sufficiently like the indicted crime to meet the threshold for admission. *Nelson v. State*, 181 Ga. App. 481, 483 (2) (352 SE2d 804) (1987). *Mims v. State*, 180 Ga. App. 3, 5 (2) (348 SE2d 498) (1986), notes that "there is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." The court properly allowed the evidence of other offenses. *Dudley v. State*, 179 Ga. App. 252, 255 (4) (345 SE2d 888) (1986).

2. OCGA § 16-8-41 provides that defendant shall be punished by imprisonment for not less than ten years for a second or subsequent offense or if defendant inflicted serious bodily injury on a victim. Defendant argues, and the State concedes, that neither of these two aggravating factors were present in this case. That being so the trial court was not mandated by law to impose a sentence of imprisonment for at least ten years, as was done. The predicate "offense" must be one for which there is a conviction; it may not simply be a proved incident.[1] *Curtis v. State*, 102 Ga. App. 790, 801 (9) (118 SE2d 264)

---

[1] An incident which would constitute another offense, established by evidence at the

(1960); *Johnson v. State*, 118 Ga. App. 448, 450 (2) (164 SE2d 353) (1968). See also *Favors v. State*, 182 Ga. App. 179 (1) (355 SE2d 109) (1987).

Where the sentence is within the limits established by law, this court may not control the discretion of the trial court in imposing punishment. *Clark v. State*, 141 Ga. App. 257, 258 (3) (233 SE2d 246) (1977); *Wilkinson v. State*, 18 Ga. App. 330 (4) (89 SE 460) (1916); *Reese v. State*, 3 Ga. App. 610, 613 (4) (60 SE 284) (1907). But an equally well established principle of law is that where the trial court has a legal discretion to exercise but fails to do, instead resting the decision upon an erroneous point of law, then reversal must follow. *Ray v. Dept. of Human Resources*, 155 Ga. App. 81, 85 (1) (270 SE2d 303) (1980); *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360) (1975). Although the conviction stands, the sentence, having been entered under a misapprehension of law, is reversed and the case is remanded to the trial court for resentencing. See *Taylor v. State*, 186 Ga. App. 113, 115 (3) (366 SE2d 422) (1988).

*Judgment affirmed in part and reversed in part; case remanded for resentencing. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 31, 1988.

*William M. Bristow*, for appellant.

*Thomas J. Charron*, District Attorney, *William R. Pardue, Nancy I. Jordan*, Assistant District Attorneys, for appellee.

---

trial, may be considered by the court in its discretion in determining the appropriate sentence. *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985).