## A92A1012. COX v. THE STATE.
(422 SE2d 68)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of aggravated assault. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Alexander v. State*, 200 Ga. App. 411 (1) (408 SE2d 485) (1991).

The victim's trial testimony was somewhat equivocal and ambiguous. However, his pre-trial oral and written statements showed that he had been assaulted by appellant with a knife. The victim's statements were properly admitted into evidence. See *Horn v. State*, 140 Ga. App. 592, 596 (7) (231 SE2d 414) (1976). The victim's statements, along with the other evidence, were sufficient to authorize any rational trior of fact to find appellant guilty of aggravated assault beyond a reasonable doubt. See *Peterson v. State*, 204 Ga. App. 532 (1) (419 SE2d 757) (1992); *Davis v. State*, 184 Ga. App. 230, 231 (1) (361 SE2d 229) (1987). Compare *Moss v. State*, 160 Ga. App. 42, 43 (285 SE2d 776) (1981). "Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. [Cit.]" *Moss v. State*, 175 Ga. App. 754, 755 (1) (334 SE2d 355) (1985).

2. Appellant urges that the trial court erroneously failed to exercise its discretion to probate or suspend a portion of the recidivist sentence which was imposed.

As a recidivist, appellant was required to be sentenced "to undergo the longest period of time prescribed for the punishment of [aggravated assault, that being] the subsequent offense of which he [stood] convicted. . . ." OCGA § 17-10-7 (a). Nevertheless, the trial court had discretion to probate or suspend a portion of that maximum sentence. *State v. Carter*, 175 Ga. App. 38 (332 SE2d 349) (1985). However, nothing in the record in the instant case indicates that the trial court erroneously failed to exercise its discretion to consider probation or suspension of a portion of appellant's recidivist sentence. To the contrary, the record demonstrates that, although the trial court was well aware that it was required to impose the maximum sentence, the trial court nevertheless asked if appellant had any evidence to offer in mitigation of that sentence. Knowing that it was required to impose the maximum sentence, the trial court obviously would not have inquired about mitigating evidence unless it was prepared to consider that evidence in connection with probation or suspension of the maximum sentence. It is only "where the trial court

has a legal discretion to exercise but fails to do [so], *instead resting the decision upon an erroneous point of law*, [that] reversal must follow. [Cits.]" (Emphasis supplied.) *Flagg v. State*, 187 Ga. App. 297, 299 (2) (370 SE2d 46) (1988). In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing appellant's sentence. Appellant had no viable cause for complaint that, in the exercise of its discretion, the trial court declined to probate or suspend a portion of the recidivist sentence.

3. An assertion "of a violation of appellant's constitutional rights of . . . equal protection [was] not timely raised and ruled upon by the trial court. Constitutional issues not raised below are not preserved for appeal. [Cits.]" *Norman v. State*, 197 Ga. App. 333, 334 (3) (398 SE2d 395) (1990). See also *Grice v. State*, 199 Ga. App. 829 (1) (406 SE2d 262) (1991).

4. On appeal, appellant urges that the victim's written statement was erroneously admitted into evidence because it had been altered. However, it appears that appellant waived the right to enumerate error as to the admission of the victim's statement on this ground by his failure to object in the trial court. See *Stokely v. State*, 188 Ga. App. 489 (2) (373 SE2d 230) (1988). In any event, the authenticating witness testified that the victim himself had altered and initialed the statement at the scene of the crime. Thus, the State offered an explanation of the alteration, and the statement was properly admitted. See OCGA § 24-7-2.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*David J. Walker, Sr.*, for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney*, for appellee.