A94A2088. COREY v. THE STATE.
(454 SE2d 154)

RUFFIN, Judge.

Michael J. Corey appeals from his sentence of life imprisonment for armed robbery.

In his sole enumeration of error, Corey contends the trial court erred in denying his motion to modify his sentence. Corey argues that OCGA § 16-8-41 (b), under which he was sentenced, is unconstitutionally vague because it provides two maximum sentences, one of life imprisonment and another of 20 years. We disagree.

OCGA § 16-8-41 (b) provides in pertinent part that "[a] person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years. . . ." Although the statute allows the sentencing judge broad discretion, it does not provide two different maximum sentences and is not unconstitutionally vague. The courts of this state have consistently held that "[t]he maximum penalty upon conviction

for armed robbery is life imprisonment." (Citations and punctuation omitted.) *Getty v. State*, 207 Ga. App. 736, 738 (429 SE2d 100) (1993). As an alternative to imposing this maximum sentence, under OCGA § 16-8-41 (b), a court also has the discretion to impose a determinable sentence of any period of time between five and twenty years. See *Thornton v. State*, 226 Ga. 837 (2) (178 SE2d 193) (1970).

"Where the sentence is within the limits established by law, this court may not control the discretion of the trial court in imposing punishment. [Cits.]" *Flagg v. State*, 187 Ga. App. 297, 299 (2) (370 SE2d 46) (1988). Since OCGA § 16-8-41 (b) is clear in its provision for a maximum sentence of life imprisonment, and the sentence of life imprisonment imposed by the trial court in this case is within that limit, we find no error.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 31, 1995.

Michael J. Corey, *pro se.*
T. Joseph Campbell, *District Attorney,* for appellee.