**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 14, 2015**

# In the Court of Appeals of Georgia

A15A1687. HUDSON v. THE STATE.

ELLINGTON, Presiding Judge.

In January 1996, a Ware County jury found Randy Hudson guilty of armed robbery, OCGA § 16-8-41, as well as firearms offenses, and the trial court sentenced him to life in prison for armed robbery, plus a total of 15 years for the other offenses. In February 2015, Hudson filed a motion to correct void sentence, arguing that OCGA § 16-8-41 is ambiguous and establishes different punishments for armed robbery and that the rule of lenity therefore requires that he receive the lesser punishment. The trial court found that the sentence was not void, and that the court lacked jurisdiction to resentence Hudson under OCGA § 17-10-1 (f), and dismissed the motion. Hudson appeals, contending the trial court erred in holding that it lacked

jurisdiction and in ruling that the sentencing scheme established by OCGA § 16-8-41 is not unconstitutionally vague. Finding no reversible error, we affirm.

1. Hudson contends the trial erred in dismissing his motion to correct void sentence on the basis that it lacked jurisdiction rather than reaching the merits of his motion. Although the trial court did lack jurisdiction to modify Hudson's sentence pursuant to OCGA § 17-10-1 (f), because his motion was not filed within the time allowed for such a motion,[1] "a sentencing court retains jurisdiction to correct a void sentence at any time." (Citations and punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). "[T]he only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void. A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) Id. Hudson did not seek a reduction in his sentence under OCGA § 17-10-1

---

[1]    The General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal sentence. Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence.

(Citation and punctuation omitted.) *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).

(f) but argued that the trial court had imposed punishment that the law does not allow. Accordingly, the trial court did not lack jurisdiction solely on the basis of the expiration of the time allowed under that Code section. The record shows, however, that the trial court *did* reach the merits of Hudson's motion, and reached the correct conclusion, see Division 2, infra. Therefore, this argument is moot.

2. Hudson contends that OCGA § 16-8-41 (b), which provides that a person convicted of the offense of armed robbery shall be punished by "imprisonment for life or by imprisonment for not less than ten nor more than 20 years[,]"[2] provides different gradations of punishment for the same offense. Hudson contends that, as a result of this ambiguity, the rule of lenity requires that he be sentenced to a term of years, which, compared to life imprisonment, is the lesser punishment.[3]

---

[2] *Worley v. State*, 265 Ga. 251, 252, n. 3 (454 SE2d 461) (1995) (The death penalty cannot be imposed for armed robbery.); *Gregg v. State,* 233 Ga. 117, 127 (210 SE2d 659) (1974) (accord).

[3]      The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. . . . The rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction. . . . [T]he rule of lenity may be applicable

As the trial court noted, in *Corey v. State*, 216 Ga. App. 180 (454 SE2d 154) (1995), we rejected the argument that OCGA § 16-8-41 (b) is unconstitutionally vague because it provides two maximum sentences, one of life imprisonment and another of 20 years. We explained:

> Although the statute allows the sentencing judge broad discretion, it does not provide two different maximum sentences and is not unconstitutionally vague. The courts of this state have consistently held that the maximum penalty upon conviction for armed robbery is life imprisonment. As an alternative to imposing this maximum sentence, under OCGA § 16-8-41 (b), a court also has the discretion to impose a determin[ate] sentence of any period of time between five[4] and twenty years.

(Citations and punctuation omitted.) *Corey v. State*, 216 Ga. App. at 180-181.[5]

---

where there are different gradations of punishment for the same offense[.]"
(Citations and punctuation omitted.) *McNair v. State*, 293 Ga. 282, 283-284 (745 SE2d 646) (2013).

[4] In 1994, OCGA § 16-8-41 was amended, and the statutory minimum for armed robbery was increased from five years to ten years. See Ga. L. 1994, p. 1959, § 3.

[5] See also *Worley v. State*, 265 Ga. at 252 ("The armed robbery statute clearly specifies that a person convicted of armed robbery can be sentenced to prison for life *or* a determinate term between five and 20 years[.]") (citations and punctuation omitted; emphasis in original); *Nihart v. State*, 227 Ga. App. 272, 279 (5) (488 SE2d

Hudson contends that the rule of lenity has been "expanded" since that decision, citing *McNair v. State*, 293 Ga. 282 (745 SE2d 646) (2013), and *McNair v. State*, 326 Ga. App. 516 (757 SE2d 141) (2014). In light of the lack of reported appellate consideration of the import of these decisions in this context, we will not dismiss Hudson's appeal on the basis that he fails to raise a colorable claim of a void sentence.[6]

Upon close review, however, we conclude that these decisions do not support Hudson's voidness claim. In *McNair*, the Supreme Court of Georgia disapproved a line of Court of Appeals cases, to the extent they held that, when a statute or set of

---

740) (1997) (OCGA § 16-6-2 (b), which provides the maximum penalty for an aggravated sodomy conviction is life imprisonment, and also gives the trial court the option to impose, as an alternative, a determinate sentence between one and twenty years imprisonment, is not ambiguous such that the 20-year maximum abrogates the life imprisonment penalty.).

[6] To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void.

(Citation and punctuation omitted.) *Frazier v. State*, 302 Ga. App. at 348. See *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004) (dismissing appeal where the appellant's post-appeal, post OCGA § 17-10-1 (f) motion seeking sentence modification did not allege the sentences imposed punishment the law does not allow).

5

statutes establishes different penalties for the same offense, the rule of lenity could only be applied when the punishments differed as to misdemeanor versus felony treatment. *McNair v. State*, 293 Ga. at 284-285. The Supreme Court emphasized that "there may be situations in which the rule of lenity could apply to an ambiguity involving statutes which exact differing felony punishments for the same offense." Id. at 284. This explanation of the rule of lenity does not undermine our holding in *Corey v. State*, that OCGA § 16-8-41 (b) is not unconstitutionally vague in providing a maximum sentence of life imprisonment while authorizing an alternative maximum determinate sentence of 20 years imprisonment.

Because OCGA § 16-8-41 (b) is not ambiguous in its provision for a maximum sentence of life imprisonment, and because Hudson's sentence of life imprisonment falls within the statutory range of punishment, his sentence is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("When the sentence imposed falls within the statutory range of punishment, the sentence is not void[.]"). See also *Spargo v. State*, 332 Ga. App. 410, 411 (773 SE2d 35) (2015) (accord). Accordingly, Hudson's claim of voidness fails. *Williams v. State*, 331 Ga. App. 46 (1) (769 SE2d 760) (2015).

*Judgment affirmed. Dillard and McFadden, JJ., concur*.