**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**November 25, 2025**

# In the Court of Appeals of Georgia

A25A1622. HARPER v. THE STATE.

DILLARD, Presiding Judge.

Genesis Harper was convicted of armed robbery and sentenced as a recidivist to life imprisonment without the possibility of parole under OCGA § 16-8-41 (b). Harper appeals, arguing the trial court erred by disregarding an ambiguity in the statute and, as a result, failing to apply the rule of lenity. For the following reasons, we affirm.

On March 16, 2016, Harper was charged (via indictment) with several firearm and gang-related offenses—including armed robbery and possession of a firearm in the commission of a felony. Harper then proceeded to trial and was convicted of only

those two offenses.[1] As to Harper's sentence, the State presented evidence of his prior convictions and he does not contend the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c). Significantly, the recidivism statute requires a recidivist to be sentenced to the maximum sentence available for the convicted offense, which must be served without the possibility of parole.[2]

Relevant here, under OCGA § 16-8-41 (a),

[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

---

[1] All other charges against Harper were *nolle prossed*, and his conviction for possession of a firearm in the commission of a felony is not at issue in this appeal.

[2] See OCGA § 17-10-7 (c) ("Except as otherwise provided in subsection (b) or (b.1) of this Code section and subsection (b) of Code Section 42-9-45, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, *serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.*" (emphasis supplied)). It is undisputed that Harper had at least three prior felony convictions, and thus was qualified to be sentenced under OCGA § 17-10-7 (c).

As to sentencing for that offense, OCGA 16-8-41 (b) provides that "[a] person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years." And given Harper's status as a recidivist, the trial court sentenced Harper to life imprisonment without the possibility of parole.[3] This appeal follows.

In his sole claim of error, Harper argues the trial court erred by disregarding an ambiguity in OCGA § 16-8-41 (b), and thus failing to apply the rule of lenity when sentencing him. This argument is foreclosed by binding precedent.

The Supreme Court of the United States has referred to the rule of lenity "as a sort of junior version of the vagueness doctrine," which requires fair warning as to what conduct is proscribed.[4] The rule of lenity ensures that "if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment

---

[3] Although OCGA § 16-8-41 (b) provides that a defendant convicted of armed robbery may be sentenced to death, and OCGA § 17-10-7 (c) required the trial court to impose the maximum sentence available for that offense, our Supreme Court has held that "the armed robbery statute must be construed as allowing for the imposition of a life sentence or a determinate sentence, whether or not the offender was sentenced as a recidivist." *Worley v. State*, 265 Ga. 251, 253 (1) (454 SE2d 461) (1995).

[4] *United States v. Lanier*, 520 U. S. 259, 266 (II) (117 SCt. 1219, 137 LE2d 432) (1997) (punctuation omitted); accord *McNair v. State*, 293 Ga. 282, 283 (745 SE2d 646) (2013).

for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment."[5] But importantly, the rule of lenity comes into play "only to resolve ambiguities that remain after applying all other tools of statutory construction."[6]

Here, for his armed-robbery conviction, Harper was sentenced under OCGA § 16-8-41 (b), which provides that "[a] person convicted of the offense of armed robbery shall be punished by death or *imprisonment for life or by imprisonment for not less than ten nor more than 20 years*."[7] And Harper contends this statute is ambiguous because it provides for two maximum sentences—life imprisonment and 20 years. He also argues that because the statute is ambiguous, the rule of lenity required the trial

---

[5] *Gordon v. State*, 334 Ga. App. 633, 634 (780 SE2d 376) (2015) (punctuation omitted); see *McNair*, 293 Ga. at 283 (noting that the rule of lenity provides that statutory ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment); see also Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 299 (1st ed. 2012) (noting that the rule-of-lenity canon is justified by the well-established precept that "when the government means to punish, its commands must be reasonably clear").

[6] *State v. Nankervis*, 295 Ga. 406, 409 (2) (761 SE2d 1) (2014) (punctuation omitted); see *Woods v. State*, 279 Ga. 28, 31 (3) (608 SE2d 631) (2005) (holding that when a crime is penalized by a special law, the general provisions of the penal code are not applicable).

[7] (Emphasis supplied).

court to sentence him to the lesser maximum punishment of 20 years' imprisonment. But this Court has already considered and rejected Harper's argument. In *Corey v. State*,[8] the appellant—like Harper—argued that OCGA § 16-8-41 (b) is "unconstitutionally vague because it provides two maximum sentences, one of life imprisonment and another of 20 years."[9] We disagreed, explaining that

> [a]lthough the statute allows the sentencing judge broad discretion, it does not provide two different maximum sentences and is not unconstitutionally vague. The courts of this state have consistently held that the maximum penalty upon conviction for armed robbery is life imprisonment. As an alternative to imposing this maximum sentence, under OCGA § 16-8-41 (b), a court also has the discretion to impose a determinable sentence of any period of time between and five and twenty years.[10]

Approximately 20 years later, this Court reaffirmed this holding in *Hudson v. State*,[11] in which the appellant also argued that OCGA § 16-8-41 (b) "provides

---

[8] 216 Ga. App. 180 (454 SE2d 154) (1995).

[9] *Id.* at 180.

[10] *Id.* (punctuation and citation omitted). As previously noted, the current version of OCGA § 16-8-41 (b) provides courts with discretion to impose a determinable sentence of any time between *10* and 20 years.

[11] 334 Ga. App. 166 (778 SE2d 406) (2015).

5

different gradations of punishment for the same offense[,] [and] . . . as a result of this ambiguity, the rule of lenity requires that he be sentenced to a term of years, which, compared to life imprisonment, is the lesser punishment."[12] Relying on *Corey*, we affirmed the appellant's life sentence for armed robbery, concluding that "[b]ecause OCGA § 16-8-41 (b) is not ambiguous in its provision for a maximum sentence of life imprisonment, and because [the appellant's] sentence of life imprisonment falls within the statutory range of punishment, his sentence is not void."[13] This Court also rejected the appellant's argument that the rule of lenity had been "expanded" since *Corey*.[14]

Simply put, these prior decisions are binding until reversed or overruled by this Court or our Supreme Court, and we must adhere to the authority of those cases which, in our view, "state the correct principle of law."[15] And notably, while the

_____

[12] *Id.* at 167-68 (2) (footnote omitted).

[13] *Id.* at 168-69 (2).

[14] See *id.* at 169 (2).

[15] *White v. State*, 305 Ga. 111, 121 (3) (823 SE2d 794) (2019) (punctuation omitted); see *Chin Pak v. Ga. Dep't of Behav. Health & Developmental Disabilities*, 317 Ga. App. 486, 486(731 SE2d 384) (2012) (noting that "we are bound by our prior decisions and those of the Georgia Supreme Court"); *McKibben v. State*, 88 Ga. App. 466, 474 (1) (77 SE2d 86) (1953) ("[S]ince the decisions of the Supreme Court are

Supreme Court of Georgia has not directly addressed this issue, it did deny the appellant's request for certiorari review in *Hudson*, which affirmed this Court's holding in *Corey*.[16] So, given the foregoing, the trial court did not err in sentencing Harper to life imprisonment for armed robbery.

For all these reasons, we affirm Harper's sentence.

*Judgment affirmed. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*

---

binding on this court without question, and the older decisions of this [C]ourt are binding on this [C]ourt until reversed or overruled by the Supreme Court or overruled by this [C]ourt, we must adhere to the authority of those cases, which we think state the correct principle of law.").

[16] See *Hudson*, 334 Ga. App. 166 (*cert. denied* Jan. 11 (2016)).