## A91A1390. COLEY v. THE STATE.
### (411 SE2d 804)

POPE, Judge.

Appellant/defendant Bennie Lee Coley appeals his conviction for aggravated assault. Defendant was convicted of shooting his former brother-in-law following an argument between his former brother-in-law and his sister. Although there is some dispute regarding the severity of physical violence associated with the altercation between the victim and defendant's sister, the victim testified that he slapped the defendant's sister several times during the dispute. The shooting occurred at least 45 minutes after the victim's altercation with defendant's sister ended and outside the presence of defendant's sister.

At trial, defendant's sole defense was defense of another. Defendant sought to introduce evidence concerning prior acts of violence between the victim and defendant's sister to show that he reasonably believed that the use of deadly force was necessary against the victim to prohibit the victim from killing his sister or harming her further.

1. Defendant contends that the trial court erred in refusing to allow evidence of specific acts of violence by the victim against defendant's sister. OCGA § 16-3-21 (a) defines when the use of force in the defense of self or others is justified. Two elements must be present before the use of deadly force is justified under that statute: (1) the danger to either the actor or a third person must be imminent; and (2) the actor must reasonably believe that such force is necessary to prevent death or great bodily injury to himself or a third person. Although there was evidence that the victim had threatened to harm the defendant's sister further, the undisputed evidence showed that at the time of the shooting the defendant's sister was not in imminent danger. The victim had left the defendant's sister's home before the defendant learned that the victim had battered his sister. After his sister told him what happened, the defendant obtained a gun and began searching for the victim. The shooting occurred at least 45 minutes after the victim had left defendant's sister and approximately 50 to 75 yards from defendant's sister's home. Thus, the defendant failed to make a prima facie case of defense of a third person. As the Georgia Supreme Court held in *Chapman v. State*, 259 Ga. 706, 707 (2) (386 SE2d 129) (1989), absent a prima facie case of self-defense or defense of a third person, the victim's "character may be shown

through evidence of his general reputation in the community, [but] specific bad acts [will not be] admissible. [Cit.]" Accordingly, the trial court did not err by ruling that evidence of acts of violence between the victim and defendant's sister were inadmissible.

2. For the reasons set forth above, the trial court did not err in refusing to allow the police chief to testify concerning prior acts of violence between the victim and defendant's sister as defendant contends.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 1, 1991.

*Hugh J. McCullough*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.