S99A1735. YOUNG v. THE STATE.
(524 SE2d 233)

HUNSTEIN, Justice.

Mark Young, Jr. was convicted of malice murder and other charges arising out of the stabbing death of Andre Morrell. He

appeals from the denial of his motion for a new trial[1] challenging only the sufficiency of the evidence. We affirm.

The jury was authorized to find that two police officers responding to a report of a fight in progress located the victim, a large muscular man whose face and chest were covered in blood. The victim used a baton he was carrying to point to four young men in front of a nearby store and told the officers that "he has a knife"; three of those men looked at the fourth, Young, who then fled the scene and refused to halt when so ordered by Officer Lisa Rodriguez, who followed Young on foot. Officer Rodriguez saw Young toss something away shortly before she captured him; a blood-encrusted knife with a blade consistent with the wounds inflicted on the victim was later located in the area. Expert testimony established there was a one-in-forty chance that the blood on the knife came from the victim.

An eyewitness saw Young following the victim, heard the victim telling Young to go away and leave him alone while waving a stick at Young, then saw the victim back away from Young and take off his shirt to reveal blood from a large gash on his chest. Another eyewitness saw the two men briefly fight, with Young using the baton on the victim until the victim, bleeding profusely, took it away from Young and used it to keep Young at a distance. The eyewitness noticed a shiny object in Young's hand. Expert testimony established that the victim had been struck with a blunt object several times on the head and received numerous superficial cuts along with two deep stab wounds in the chest, one of which penetrated the victim's lung and heart, causing his death. After his arrest a police video camera which was installed in the holding room where Young was placed filmed Young attempting to hide a homemade pipe used for smoking crack cocaine.

It was for the jury to determine the credibility of the witnesses, OCGA § 24-9-80, including the question whether the circumstances of the confrontation between Young and the victim " 'were such as to excite the fears of a reasonable person that he had to use deadly force

---

[1] The crimes occurred on May 17, 1997. Young was indicted in January 1998 and re-indicted April 22, 1998 in Chatham County on charges of murder, felony murder, aggravated assault, possession of a knife during the commission of a felony, obstruction of a law enforcement officer, possession of cocaine, and possession of a tool for the commission of a crime. He was found guilty of malice murder, aggravated assault, possession of a knife, obstruction, and possession of a tool on July 23, 1998. He was sentenced by order filed August 24, 1998 to life imprisonment on the murder, five years consecutive on the possession of the knife, five years concurrent on the possession of tools, and twelve months on the obstruction charge. The aggravated assault conviction was merged by operation of law. Young's motion for new trial, filed September 14, 1998, was denied May 26, 1999. A notice of appeal was filed June 16, 1999. The appeal was docketed in the Court of Appeals on August 10, 1999, transferred to this Court by order dated August 16, 1999 and docketed here on August 20, 1999. The appeal was orally argued November 8, 1999.

in order to prevent the use of deadly force against him.' [Cit.]" *Akins v. State*, 269 Ga. 838, 839 (1) (504 SE2d 196) (1998). The evidence adduced was sufficient to authorize a rational trier of fact to find Young guilty of malice murder, aggravated assault, possession of a knife during the commission of a crime, obstruction of a law enforcement officer, and possession of a tool for the commission of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1999 —
RECONSIDERATION DENIED JANUARY 19, 2000.

*Tom A. Edenfield*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.