A02A1127. IN THE INTEREST OF Q. M. L., a child.

(570 SE2d 92)

MILLER, Judge.

Fourteen-year-old Q. M. L. admitted that she stabbed a schoolmate with a knife but claimed she did so in self-defense. Evidence showed that the weaponless victim hit Q. M. L. from behind while Q. M. L. sat in the school bus, in response to which Q. M. L. elbowed the victim, stood up, turned around, and stabbed the victim with a knife that she had hidden in her school bus seat. The question on appeal is whether this evidence sufficed to sustain the juvenile court's finding that Q. M. L. without justification committed aggravated assault, leading to the court's adjudication of delinquency. We hold that the evidence supports the finding, and we therefore affirm.

Construed in favor of the juvenile court's ruling, the evidence showed that Q. M. L. and the victim had a history of confrontation. Q. M. L. heard from others that the victim intended to fight and possibly stab Q. M. L. on a particular day, and therefore Q. M. L. secreted a knife between her school bus seat cushions on the morning of that day. On the way home on the school bus, the victim, who had no weapon, approached Q. M. L. from behind and hit her. Q. M. L. elbowed the victim, knocking her onto a boy. The boy pushed the victim off him. Q. M. L. stood up, turned around, and — even though she saw no weapon on the victim — stabbed the victim in the stomach area (piercing her liver) with the knife retrieved from the seat cushions. Q. M. L. tried to stab the victim again, but the victim grabbed and held the knife away. Others then held Q. M. L., who said that she wanted to be let go so that she could "kill" the victim. The confrontation ended, with the victim unconscious and bleeding.

Q. M. L. was charged with aggravated assault and with carrying a weapon on a school bus. She pled self-defense, claiming that she believed the victim had a knife because of the victim's arm position at the time of the incident and because of the pre-incident rumors about the victim intending to stab Q. M. L. The court found otherwise, not-

ing that Q. M. L. saw no weapon when she turned around before stabbing the victim. Adjudicated delinquent, Q. M. L. appeals on the grounds that the weight of the evidence was against the court's finding, that the court misapplied the law of self-defense, and that the evidence was insufficient to sustain the court's findings.

1. Q. M. L. claims that the adjudication was strongly against the weight of the evidence. "However, this Court determines only the sufficiency of evidence, not its weight. [Cit.]" *In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (1) (483 SE2d 361) (1997).

2. The next two enumerations focus on the sufficiency of the evidence to sustain the court's finding that Q. M. L. used excessive force in defending herself. As there was evidence to support the court's findings, we sustain its judgment.

"In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged." (Citations and punctuation omitted.) *In the Interest of T. T.*, 236 Ga. App. 46 (1) (510 SE2d 901) (1999). Conceding the essential elements of the charged crimes, Q. M. L. admitted that she brought a knife onto a school bus and that she used that knife to stab the victim. See OCGA §§ 16-5-21 (a) (2); 16-11-127.1 (b). Thus, her only defense to the charge of aggravated assault was one of justification under OCGA § 16-3-21 (a), which provides:

> A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force; however, except as provided in Code Section 16-3-23, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

Evidence showed that Q. M. L.'s use of the knife to stab the victim was intended or likely to cause death or great bodily harm. Thus, the use of the knife was justified only if Q. M. L. reasonably believed such was necessary to prevent imminent death or great bodily injury to herself. See *Coley v. State*, 201 Ga. App. 722 (1) (411 SE2d 804) (1991). Furthermore, her attack would not have been justified "if the degree of force used . . . exceed[ed] that which a reasonable person

would believe necessary to defend against the victim's unlawful actions. [Cits.]" *Harris v. State*, 274 Ga. 422, 423 (1) (554 SE2d 458) (2001); see *Clark v. State*, 271 Ga. 27, 29 (2) (518 SE2d 117) (1999). Where the defendant presents evidence of justification, the State bears the burden of disproving the defense, which is a question for the trier of fact to resolve. *Hall v. State*, 235 Ga. App. 44-45 (1) (508 SE2d 703) (1998). This depends greatly on the credibility of the witnesses and on whether the circumstances would excite the fears of a reasonable person that she had to use deadly force to prevent the use of deadly force against her. *Young v. State*, 272 Ga. 17, 18-19 (524 SE2d 233) (2000). The factfinder may believe or disregard parts or all of the defendant's testimony. *Blackford v. State*, 251 Ga. App. 324, 325-326 (1) (554 SE2d 290) (2001).

Ample evidence supported a finding by the trier of fact that a reasonable person would not have believed that deadly force from the victim was imminent. Although struck from behind with the victim's hands, Q. M. L. immediately repelled the attack by elbowing the victim and causing her to fall onto a nearby student. Q. M. L. was not attacked with a knife or any other weapon. Q. M. L. then stood up and turned around to face the victim, so she could see that the victim had no weapon, which dispelled the rumors of an anticipated knife attack from the victim. The trier of fact was authorized to conclude that Q. M. L.'s belief that her life was in danger was a mere unreasonable apprehension or suspicion of harm, which is insufficient to justify use of deadly force. See *Young v. State*, 160 Ga. App. 51-52 (286 SE2d 54) (1981). Other evidence supporting a finding that Q. M. L. was not acting to fend off a deadly attack or was acting unreasonably was that she continued to attempt to stab the victim after the initial stab to the victim's stomach (see *Harris*, supra, 274 Ga. at 423 (1) (multiple stabbings show excessive force)) and that she struggled to be released from those holding her so she could "kill" the victim — even though she was not being attacked by the victim at that time.

Thus, the juvenile court did not err or misapply the law when it found in light of this evidence that Q. M. L. used excessive force in turning around and stabbing the victim without Q. M. L. ever seeing a weapon. The court as factfinder was authorized to find that being struck by another's fists does not justify using a knife to stab that person. See *In the Interest of A. M.*, 248 Ga. App. 241, 242 (1) (545 SE2d 688) (2001).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 9, 2002.

*Valerie Brown-Williams*, for appellant.

*Kenneth B. Hodges III, District Attorney, Heidi M. Silcox, Assistant District Attorney*, for appellee.