## A05A0480. SHABAZZ v. THE STATE.
(615 SE2d 214)

PHIPPS, Judge.

A grand jury returned a one-count indictment against Yusuf Shabazz charging him with aggravated child molestation. The indictment alleged that "[Shabazz] did . . . perform an immoral and indecent act to, with and in the presence of [S. J.], a child under the age of 16 years, with the intent to arouse and satisfy the sexual

desires of said accused and which act resulted in physical injury to said child, to wit: genital injury, in that the said accused did perform intercourse with said child. . . ."

At trial, the evidence showed that on March 5, 2000, Shabazz had sexual intercourse with 15-year-old S. J. A physician examined S. J. on the day of the incident and found lacerations and fresh blood on her genitalia consistent with the occurrence of forcible intercourse.

The jury found Shabazz guilty as charged. He was sentenced to 30 years, 12 to serve in prison and the remainder on probation. Shabazz's motion for new trial was denied. On appeal, he contends that the trial court erred by sentencing him pursuant to the statute proscribing aggravated child molestation and by rejecting his claim of ineffective assistance of counsel. Because the record does not support these claims of error, we affirm.

1. Shabazz argues that, although the jury found him guilty of aggravated child molestation, the conduct underlying that crime also violated the statutory rape statute. He contends that, in accordance with the rule of lenity, the trial court should have sentenced him under the statutory rape statute, which carries a sentencing range of ten to twenty years, where, as here, the defendant is twenty-one years of age or older.[1] Shabazz relies upon *Dixon v. State.*[2]

Under the rule of lenity, "a penal statute providing two possible grades of punishment or penalty for the same offense (i.e., one as a felony and one as a misdemeanor) is uncertain and the defendant is entitled to the lesser of the two penalties contained in the statute."[3]

In *Dixon*, the Supreme Court of Georgia applied this rule where two *statutes* governing the same conduct conflicted with respect to their prescribed punishments.[4] In that case, the jury found that, based on the same conduct, the defendant was guilty of both misdemeanor statutory rape and aggravated child molestation, a felony.[5] The trial court sentenced him on the latter crime. On appeal, the Supreme Court considered the relationship between the misdemeanor statutory rape statute[6] and the felony child molestation statute.[7] The Court concluded that the defendant should have been sentenced on the lesser charge, citing, among a number of other

---

[1] OCGA § 16-6-3 (b). The sentencing range for aggravated child molestation is ten to thirty years, pursuant to OCGA § 16-6-4.

[2] 278 Ga. 4 (596 SE2d 147) (2004).

[3] *McClellan v. State*, 274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002); see also *Gee v. State*, 225 Ga. 669 (7) (171 SE2d 291) (1969).

[4] *Dixon*, supra at 7 (1) (d); see *Webb v. State*, 270 Ga. App. 817, 819 (2) (608 SE2d 241) (2004).

[5] *Dixon*, supra at 4.

[6] OCGA § 16-6-3 (b).

[7] OCGA § 16-6-4.

reasons, the rule of lenity.[8] The Court stated that this rule "is particularly applicable where the two crimes at issue involve different grades of punishment, i.e., a misdemeanor and a felony."[9] The Court also stated that enactment of the misdemeanor statutory rape statute "spoke very directly towards specific conduct involving actors within a very narrow age range"[10] and that "it would undermine the intent of that statute if the exact same conduct could also be punished as felony child molestation."[11]

Shabazz's reliance upon the rule of lenity and *Dixon* is misplaced because there are no differing grades of punishment at issue here. Shabazz was indicted for and convicted of only one crime: aggravated child molestation, a felony. And even if Shabazz had *additionally* been charged and convicted of statutory rape, that crime also would have constituted a felony, not a misdemeanor. A person is guilty of misdemeanor statutory rape "if the victim is 14 or 15 years of age and the person so convicted is no more than three years older than the victim."[12] While S. J. was 15 years of age at the time of the incident, Shabazz was 57 years of age. The sexual episode at issue here does not constitute the "specific conduct involving actors within a very narrow age range" as contemplated by the misdemeanor statutory rape statute;[13] thus, it does not raise *Dixon's* concern that the intent of the misdemeanor statutory rape statute not be undermined. Because this is not a case in which the defendant's conduct could have been punished as either a misdemeanor or a felony,[14] it does not invoke the rule of lenity. The trial court correctly sentenced Shabazz pursuant to the aggravated child molestation statute.[15]

2. Shabazz contends that the trial court erred in rejecting his claim of ineffective assistance of counsel. He cites his first attorney's failure to turn over notes concerning her investigation to his second attorney. He cites his second attorney's failure to hire an expert witness to rebut the state's medical evidence and to visit the crime scene.

The burden is on the defendant claiming ineffective assistance of counsel to establish that counsel's performance was deficient and

---

[8] *Dixon*, supra at 7 (1) (d).
[9] Id. (footnote omitted).
[10] Id. at 6 (1) (b).
[11] Id. at 5 (1) (a).
[12] See OCGA § 16-6-3 (b).
[13] *Dixon*, supra at 6 (1) (b).
[14] Compare *Brown v. State*, 276 Ga. 606, 608 (1) (581 SE2d 35) (2003).
[15] See *Webb*, supra.

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[16] Shabazz has failed to meet this burden. At his motion for new trial hearing, he did not proffer any expert testimony; he did not show how his second attorney might have benefitted from the first attorney's notes; and he did not establish what information the second attorney would have obtained from the crime scene. Consequently, Shabazz has not carried his burden of showing that his counsel's performance, even if deficient, prejudiced his defense.[17]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2005.

*L. Elizabeth Lane,* for appellant.

*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney,* for appellee.

---

[16] *Berry v. State,* 262 Ga. App. 375, 376 (2) (585 SE2d 679) (2003).

[17] See *Hunt v. State,* 278 Ga. 479, 480-481 (4) (604 SE2d 144) (2004); *Madge v. State,* 245 Ga. App. 848, 851 (3) (a) (538 SE2d 907) (2000).