## S06A2032. BANTA v. THE STATE.
(642 SE2d 51)

HINES, Justice.

Clinton Wyatt Banta appeals his conviction for felony making a false statement to a government agency, challenging the constitutionality of OCGA § 16-10-20, the statute defining that crime.

Construed to support the verdict, the evidence showed that Banta was married to Kathrine Banta ("Kathrine"). On February 28, 2004, Kathrine was babysitting 23-month-old Charisma Wallace in their home. That evening, after Banta returned from work, Charisma stopped breathing and was pronounced dead early the next morning at the hospital. A forensic pathologist determined that Charisma died of severe aspiration pneumonia after receiving multiple blows to the head and face; she was bruised about the head and face, and had vomited. On February 29, 2004, Banta was questioned at the sheriff's office. He related that: after he arrived home from work at 9:30 p.m. on February 28, 2004, he heard Charisma "rattling like she was having difficulty breathing"; he told his wife about it and went down to the basement to work on the computer; Charisma walked down the stairs to the basement with Kathrine, climbed onto a bed, and walked back up the stairs; Kathrine then yelled for him to come upstairs because Charisma had stopped breathing. This statement was transcribed and Banta signed it.

Banta and Kathrine were charged with felony murder, cruelty to a child, and making a false statement to a government agency; Kathrine was also charged with malice murder. Banta filed a general demurrer and an amended general demurrer challenging the constitutionality of OCGA § 16-10-20. The trial court denied these demurrers. At a joint jury trial, Banta testified that when he gave his statement, he had simply assumed that Charisma had walked down and up the stairs. He also testified that when Charisma came to the basement, she did not show the bruising depicted on the autopsy

photographs. Testimony of the forensic pathologist was that Charisma's injuries were such that in the period of time covered in Banta's statement, Charisma would not have been able to walk or climb onto a bed. Banta was found not guilty of felony murder and cruelty to a child, but was found guilty of making a false statement, and sentenced to five years in prison. Kathrine was found guilty of felony murder, cruelty to a child, and making a false statement; she is not a party to this appeal.

1. Banta contends that OCGA § 16-10-20 is unconstitutionally vague under Article I, Section I, Paragraph I of the Georgia Constitution of 1983. For the statute to withstand such a challenge, it must "convey sufficiently definite warning as to the proscribed conduct when measured by common understanding, [cits.], and provide explicit standards to those who enforce the law in order to prevent arbitrary enforcement. [Cits.]" *Bagby v. State*, 274 Ga. 222, 223 (1) (552 SE2d 807) (2001).

OCGA § 16-10-20 reads:

> A person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

The indictment charged that Banta

> did knowingly and willfully make a false statement, to wit: that Charisma Wallace was able and did walk, on her own power, up and down stairs, and climb onto a bed, after he arrived home at approximately 9:30 p.m., on February 28, 2004, a matter within the jurisdiction of the Whitfield County Sheriff's Office, a department of Whitfield County, a political subdivision of the State of Georgia, contrary to the laws of said State, the good order, peace and dignity thereof.

The statute gave Banta ample notice that the conduct of which he was accused was prohibited. Stating that Charisma was walking at a time when medical evidence showed she would not be able to was alleged

to be a false statement in a matter within the Sheriff's jurisdiction, i.e., the investigation of the circumstances surrounding her death.

The statute also provides sufficient objective standards to those who are charged with enforcing it. *Davis v. State*, 272 Ga. 818, 820-821 (2) (537 SE2d 327) (2000). This is not a case in which the prosecutor's decision to consider Banta's act to be criminal and to be a proper subject of prosecution is made only because of the act's consequence. See *Hall v. State*, 268 Ga. 89, 94-95 (2) (485 SE2d 755) (1997). Rather, Banta's act was criminal when he made his false statement, without regard to the result of that act. Of course, the prosecutor must decide whether there is sufficient evidence that the defendant knowingly and willfully made a false statement, but "the fact that application of the statute's standards sometimes requires an assessment of the surrounding circumstances to determine if the statute is violated does not render it unconstitutional. See *State v. Miller*, 260 Ga. 669, 674 (2) (398 SE2d 547) (1990)." *Boyer v. State*, 270 Ga. 701, 703 (1) (512 SE2d 605) (1999). See also *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001).

2. Banta also asserts that, under the "rule of lenity," his crime could only be considered a misdemeanor, because the acts alleged met the definition of misdemeanor obstruction of a police officer, OCGA § 16-10-24 (a), regardless of whether they also met the definition of the felony, making a false statement to a government agency, under OCGA § 16-10-20.[1]

The Supreme Court of the United States has referred to the rule of lenity "as a sort of 'junior version of the vagueness doctrine,'" which requires fair warning as to what conduct is proscribed. *United States v. Lanier*, 520 U. S. 259, 266 (117 SC 1219, 137 LE2d 432) (1997). The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. *McClellan v. State*, 274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002). However, the rule does not apply when the statutory provisions are unambiguous. *Salinas v. United States*, 522 U. S. 52, 66 (III) (118 SC 469, 139 LE2d 352) (1997). See

---

[1] OCGA § 16-10-24 reads:

(a) Except as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.

(b) Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

also *United States v. Shabani*, 513 U. S. 10, 17 (II) (115 SC 382, 130 LE2d 225) (1994) ("The rule of lenity, however, applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute"). And nothing in OCGA § 16-10-20 renders it ambiguous, and no ambiguity is created by the existence of OCGA § 16-10-24 (a).

Simply put, the two statutes do not define the same offense. The misdemeanor obstruction statute, OCGA § 16-10-24 (a), may be violated in a number of ways; it does not require deception or a false representation. See *Young v. State*, 272 Ga. 17 (524 SE2d 233) (1999). Conversely, it is not possible for the State to establish that OCGA § 16-10-20 has been violated without establishing a deceitful act. Thus, the two defined crimes do not address the same criminal conduct, there is no ambiguity created by different punishments being set forth for the same crime, and the rule of lenity does not apply.

Further, that a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity. For instance, depending upon attendant circumstances, it is possible for the act of striking another person with an object to meet the definitions of each of the crimes of: simple battery, OCGA § 16-5-23, a misdemeanor; aggravated battery, OCGA § 16-5-24, a felony; simple assault, OCGA § 16-5-20, a misdemeanor; aggravated assault, OCGA § 16-5-21, a felony; and malice murder, OCGA § 16-5-1, a felony. See, e.g., *Green v. State*, 279 Ga. 455 (614 SE2d 751) (2005); *Washington v. State*, 274 Ga. 428 (554 SE2d 173) (2001); *Jackson v. State*, 272 Ga. 429 (531 SE2d 700) (2000); *Rittenhouse v. State*, 272 Ga. 78 (526 SE2d 342) (2000); *Spear v. State*, 270 Ga. 628 (513 SE2d 489) (1999). In such a circumstance, a defendant may be prosecuted for more than one crime. OCGA § 16-1-7 (a). However, the injustice that must be avoided is *sentencing* the defendant for more than one crime following his conviction of multiple crimes based upon the same act. *State v. Tiraboschi*, 269 Ga. 812, 813-814 (504 SE2d 689) (1998). When a defendant is so prosecuted, the principle of factual merger operates to avoid the injustice. See *Young v. State*, 280 Ga. 65, 66-67 (2) (623 SE2d 491) (2005); *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). Here, had the State prosecuted Banta under both OCGA § 16-10-20 and OCGA § 16-10-24 (a), and had the jury found him guilty of violating both statutes, the lesser crime would have merged into the greater, he would have been sentenced for only one crime, and the injustice of double sentencing would have been avoided.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 5, 2007 —
RECONSIDERATION DENIED FEBRUARY 26, 2007.

*Michael R. McCarthy, Bentley C. Adams III*, for appellant.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.