S12G1477. McNAIR v. THE STATE.
(745 SE2d 646)

BENHAM, Justice.

Upon being tried before a jury, appellant Todd Christopher McNair was charged and convicted of identity fraud (OCGA §

16-9-121)[1] for the theft and use of the victim's credit card. Prior to being sentenced, appellant argued that the rule of lenity should be applied such that he would be sentenced for committing financial transaction card theft (OCGA § 16-9-31),[2] a crime for which he was not charged or convicted, but which has a lesser penalty than identity fraud.[3] The trial court rejected this argument and sentenced appellant as a recidivist to ten years (five years to serve) for identity fraud. The Court of Appeals affirmed the trial court's decision in an unpublished opinion (315 Ga. App. XXVI) by relying on *Rollf v. State*, 314 Ga. App. 596 (2) (a) (724 SE2d 881) (2012), among other similar cases, to conclude the rule of lenity did not apply because both crimes were felonies and, consequently, the Court of Appeals did not reach the merits. We granted appellant's petition for a writ of certiorari and posed the following question to the parties: "Whether the Court of Appeals erred in holding that the rule of lenity does not apply when the statutory violations at issue are both classified as felonies, even though the offenses carry different punishments." Because we answer the question in the affirmative, the Court of Appeals' decision is reversed and the case is remanded for the Court of Appeals to reach the merits.

We have explained:

> The Supreme Court of the United States has referred to the rule of lenity "as a sort of 'junior version of the vagueness doctrine,' " which requires fair warning as to what conduct is proscribed. *United States v. Lanier*, 520 U. S. 259, 266 (117 SC 1219, 137 LE2d 432) (1997). The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. *McClellan v. State*,

---

[1] OCGA § 16-9-121 provides: "(a) A person commits the offense of identity fraud when he or she willfully and fraudulently: (1) Without authorization or consent, uses or possesses with intent to fraudulently use identifying information concerning a person; . . ."

[2] OCGA § 16-9-31 provides:
(a) A person commits the offense of financial transaction card theft when: (1) He takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent; or who, with knowledge that it has been so taken, obtained, or withheld, receives the financial transaction card with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder; . . .

[3] Identity fraud carries a penalty of up to ten years imprisonment or up to $100,000 in fines, whereas financial transaction card theft carries a penalty of up to three years imprisonment or up to $5,000 in fines. OCGA §§ 16-9-38 and 16-9-126 (a).

274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002). However, the rule does not apply when the statutory provisions are unambiguous.

*Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). The rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction. *Rooney v. State*, 287 Ga. 1, 4 (3) (690 SE2d 804) (2010). Our cases have also stated that the rule of lenity may be applicable where there are different gradations of punishment for the same offense, giving as a reference the "particular" circumstance in which a statute provides felony and misdemeanor punishments for the same offense. See *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004) ("The rule of lenity is particularly applicable where the two crimes at issue involve different grades of punishment, i.e., a misdemeanor and a felony."); *McClellan v. State*, supra, 274 Ga. at 820 ("a penal statute providing two possible grades of punishment or penalty for the same offense (i.e., one as a felony and one as a misdemeanor) is uncertain and the defendant is entitled to the lesser of the two penalties contained in the statute."). This Court has never held, however, that the rule of lenity *only* applies when the punishments are as between a misdemeanor and a felony. In fact, we have indicated that there may be situations in which the rule of lenity could apply to an ambiguity involving statutes which exact differing felony punishments for the same offense. See *Harris v. State*, 286 Ga. 245 (7) (686 SE2d 777) (2009). See also *McClellan v. State*, supra, 274 Ga. at 820 (discussing situation where there was an ambiguity created by a jury verdict as to which of several felonies was the predicate felony for a felony murder conviction, and this Court ruled that the most severe felony would serve as the predicate felony and merge, and the defendant would be sentenced on the less severe felonies that remained).

Nevertheless, upon considering *Dixon* and *McClellan*, supra, the Court of Appeals in *Shabazz v. State*, 273 Ga. App. 389, 391 (615 SE2d 214) (2005) announced for the first time that the rule of lenity was inapplicable because the crimes at issue in that case both exacted felony punishments. Since *Shabazz*, the Court of Appeals has expressly held several times that the rule of lenity does not apply when the differing punishments are all felony-level. See *Rollf v. State*, 314 Ga. App. at 598 (the rule of lenity does not apply to two felony convictions); *Fyfe v. State*, 305 Ga. App. 322, 328 (3) (699 SE2d 546) (2010) ("Because both of [defendant's] offenses are classified as felonies, the rule of lenity did not apply."); *Poole v. State*, 302 Ga. App. 464, 467 (2) (691 SE2d 317) (2010) ("The rule of lenity is inapplicable here, where violations of both [statutes] are classified as felonies."); *Falagian v.*

*State*, 300 Ga. App. 187, 191 (2) (684 SE2d 340) (2009) ("Since theft by taking and deposit account fraud are both felony offenses, the rule of lenity is inapplicable."). We do not agree with the Court of Appeals' bright line rule which was seemingly extrapolated from a misinterpretation of *Dixon* and *McClellan*.

Indeed, the primary consideration in determining whether to apply the rule of lenity is not whether the statutes in question exact felony and/or misdemeanor punishments, but whether there is an ambiguity that would result in varying degrees of punishment for the same offense. See *Banta*, supra, 281 Ga. at 617-618. Accordingly, the line of Court of Appeals cases, as cited above, to the extent they hold that the rule of lenity cannot be applied because the statutes at issue exact felony punishments are hereby disapproved. The decision of the Court of Appeals in the instant case is reversed and the case is remanded to the Court of Appeals so that it may consider the appeal on the merits. That is, on remand, the Court of Appeals must determine whether there was any uncertainty or ambiguity involving the statutes at issue which would have required the trial court to apply the rule of lenity. Id.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JULY 1, 2013.

*Michael R. McCarthy, George B. Sparks*, for appellant.
*Herbert M. Poston, Jr., District Attorney, Susan L. Franklin, Assistant District Attorney*, for appellee.
*James C. Bonner, Jr., Jimmonique R. S. Rodgers*, amici curiae.