In the Supreme Court of Georgia

Decided:    March 7, 2016

S15A1505. ROLLF v. CARTER.

BLACKWELL, Justice.

When the statutory law establishes different punishments for the same
offense, courts sometimes apply the rule of lenity to resolve the statutory
ambiguity. Properly applied, the rule of lenity directs the courts to resolve such
ambiguities in favor of a defendant, according the defendant the benefit of the
doubt about what punishment the law authorizes in his case, and presuming that
the law was meant only to permit the lesser punishment.[1] See Banta v. State, 281
Ga. 615, 617 (2) (642 SE2d 51) (2007). Although the rule of lenity perhaps has
been applied in Georgia most commonly when the statutory law established both
felony and misdemeanor punishments for the same offense, see, e.g., Dixon v.
State, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004), its application is not limited

_____

[1] As we have acknowledged before, the rule of lenity is an interpretative rule of last
resort. It is properly applied only when the ordinary rules of statutory interpretation are
inadequate to resolve a statutory ambiguity. Rooney v. State, 287 Ga. 1, 4 (3) (690 SE2d 804)
(2010).

to that particular circumstance. In <u>McNair v. State</u>, 293 Ga. 282, 285 (745 SE2d 282) (2013), this Court held that the rule of lenity properly may be applied whenever "there is an ambiguity that would result in varying degrees of punishment for the same offense" — even an ambiguity as between different felony punishments — and we disapproved several decisions in which our Court of Appeals had concluded otherwise. Today, we consider whether our decision in <u>McNair</u> marked a change in the law.

In 2008, Russell Dean Rollf assaulted his estranged wife with a butcher knife and the intent to kill her. He later was tried by a jury for that offense, convicted of attempted murder, and sentenced for that crime to imprisonment for a term of years. Rollf appealed, and he argued that the law is ambiguous about whether his offense was punishable as attempted murder[2] or only as aggravated assault.[3] Attempted murder is punishable by imprisonment for one to thirty years, see OCGA § 16-4-6 (a), whereas aggravated assault ordinarily

---

[2] See OCGA §§ 16-4-1 ("A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime.") and 16-5-1 (a) ("A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being.").

[3] See OCGA § 16-5-21 (b) (1) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith intent to murder . . . .").

is punishable by imprisonment for one to twenty years. See OCGA § 16-5-21 (c). Because the law imposed different punishments for his offense, Rollf claimed, the rule of lenity ought to be applied, and he should have been convicted of aggravated assault, not attempted murder. The Court of Appeals, however, rejected that argument in Rollf v. State, 314 Ga. App. 596, 598 (2) (a) (724 SE2d 881) (2012), affirming Rollf's conviction for attempted murder on the ground that, even if attempted murder and aggravated assault were the same offense, the rule of lenity does not apply as between two felony punishments. A little more than a year later, we decided McNair, and Rollf was among the decisions of the Court of Appeals that we disapproved. See McNair, 293 Ga. at 284-285.

Following our decision in McNair, Rollf filed a petition for a writ of habeas corpus, asserting that the rule of lenity ought to have been applied in his case and that he should have been convicted of only aggravated assault with intent to murder, not attempted murder.[4] In habeas proceedings, however, the

---

[4] Although Rollf's claim is largely about the punishment that the law authorizes for his offense, it also implicates the lawfulness of his conviction, inasmuch as he contends that he should not have been convicted of attempted murder. His claim is not the sort of "void sentence" claim that may properly be raised in a motion to vacate sentence. See von Thomas v. State, 293 Ga. 569, 571-572 (2) (748 SE2d 446) (2013). His claim is, however, cognizable

3

doctrine of res judicata ordinarily poses a procedural bar to the reconsideration of issues already decided on direct appeal, and to overcome that procedural bar, a petitioner must point to a change in the applicable law or material facts of his case.[5] Hall v. Lance, 286 Ga. 365, 376 (III) (687 SE2d 809) (2010). Because Rollf sought in his habeas petition to raise the same claim that the Court of Appeals had rejected in his direct appeal, Rollf was confronted with the procedural bar, and so, in an effort to overcome it, Rollf pointed to our decision in McNair and argued that it marked a change in the applicable law. The habeas court disagreed and denied the petition for a writ of habeas corpus. Rollf appeals.

It cannot be said that a decision of this Court amounts to a change in the law if the decision was dictated by our own precedents. Cf. Alford v. State, 287 Ga. 105, 106 (695 SE2d 1) (2010) (citing Teague v. Lane, 489 U. S. 288 (109 SCt 1060, 103 LE2d 334) (1989), and holding that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's

in habeas. See id.

[5] That the Court of Appeals may have erred in its resolution of the direct appeal is not enough, absent a change in the law or facts, to overcome the procedural bar. See Roulain v. Martin, 266 Ga. 353, 354 (1) (466 SE2d 837) (1996).

4

conviction became final"). That was the case with McNair. As we explained in McNair, this Court had "never held . . . that the rule of lenity *only* applies when the punishments are as between a misdemeanor and a felony." 293 Ga. at 284 (emphasis in original). To the contrary, we said, this Court previously had "indicated that there may be situations in which the rule of lenity could apply to an ambiguity involving statutes which exact differing felony punishments for the same offense." Id. (citing Harris v. State, 286 Ga. 245 (686 SE2d 777) (2009)). More important, decades before our decision in McNair — and long before the Court of Appeals decided Rollf — this Court *actually applied* the rule of lenity to resolve a dispute about two arguably conflicting statutes that were concerned only with the punishment of felonies. See Gee v. State, 225 Ga. 669, 675-677 (7) (171 SE2d 291) (1969).[6] And in another case that predated McNair and Rollf by many years, this Court invoked the rule of lenity in the course of discussing an arguable ambiguity about whether a certain sort of murder (a felony, of course) was punishable by death or only by life imprisonment. See

---

[6] In Gee, we addressed a statute that explicitly declared a particular sort of drug offense to be a "felony," and we considered whether the felony sentencing provisions of that statute (making the felony punishable by imprisonment, a fine, or both) conflicted with a statute more generally providing that felonies are "to be punished by death or imprisonment in the penitentiary, and not otherwise." 225 Ga. at 675-676 (7).

Bankston v. State, 258 Ga. 188, 189 (367 SE2d 36) (1988). Our decision in McNair was dictated by the earlier decisions of this Court, and it marks, therefore, no change in the law.

But what about the "law" upon which the Court of Appeals relied in Rollf? After all, Rollf was not the first case in which the Court of Appeals had said that the rule of lenity simply does not apply as between two felonies, see, e.g., Shabaazz v. State, 273 Ga. App. 389 (615 SE2d 214) (2005), and Rollf merely followed those earlier decisions of the Court of Appeals. See 314 Ga. App. at 598 (2) (a), n. 8. The answer is that the decisions of the Court of Appeals on which Rollf relied never were binding precedents. The decisions of this Court are binding decisional law in all other Georgia courts. See Ga. Const. of 1983, Art. VI, Sec. VI, Para. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."). The decisions of the Court of Appeals, however, are binding decisional law only to the extent that they are not inconsistent with the decisions of the Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. V, Para. III ("The decisions of the Court of Appeals *insofar as not in conflict with those of the Supreme Court* shall bind all courts except the Supreme Court as precedents.") (emphasis supplied). A decision of the Supreme

Court disapproving decisions of the Court of Appeals that were inconsistent with earlier decisions of the Supreme Court — McNair was that sort of decision — is no change in the law. Cf. Bruce v. Smith, 274 Ga. 432, 434-435 (2) (553 SE2d 808) (2001) (overruling of earlier decisions of *this Court* was a change in the law).

Because McNair marked no change in the law, it does not help Rollf to overcome the procedural bar in this habeas case. There being no change in the applicable law or facts, the earlier decision in Rollf is res judicata, and the habeas court properly denied the petition for a writ of habeas corpus. The judgment of the habeas court is affirmed.

Judgment affirmed. All the Justices concur.