**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 9, 2016**

# In the Court of Appeals of Georgia

A16A0323. MARTINEZ v. THE STATE.

BRANCH, Judge.

Marco Martinez appeals from a judgment of conviction and the denial of his motion for new trial. He was convicted of robbery by sudden snatching, four counts of forgery in the first degree, and giving a false name to law enforcement. On appeal, he contends the evidence was insufficient to support the conviction of robbery, that the rule of lenity should be applied to his convictions of forgery, and that he received ineffective assistance of counsel. For the reasons shown below, we affirm his convictions of robbery and giving false information to law enforcement, but we reverse his convictions of forgery and remand for resentencing on those counts.

"On criminal appeal, appellant is no longer presumed innocent and all of the evidence is to be viewed in the light most favorable to the jury verdict. This Court

does not reconsider evidence or attempt to confirm the accuracy of testimony. Assessing a witness's credibility is the responsibility of the factfinder, not this Court." *Batten v. State*, 295 Ga. 442, 443 (1) (761 SE2d 70) (2014) (citations omitted). Instead, we review the case "to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." *Willis v. State*, 263 Ga. 597, 598 (1) (436 SE2d 204) (1993), citing *Jackson v. Virginia,* 443 U. S. 307 (99 SCt 2781, 61 LEd2d 560) (1979). Upon review of the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Russu v. State*, 321 Ga. App. 695, 696 (1) (742 SE2d 511) (2013) (punctuation and footnote omitted; emphasis in original).

The evidence presented at trial shows that on December 27, 2009, Rhonda Danyus and her husband stopped at a rest area in Turner County. At approximately 3:00 a.m., Danyus was in a stall in the ladies' room when a person, who Danyus testified was wearing a red "sweater-type" jacket, reached under the stall divider from the next stall, grabbed Danyus's purse, and left. Danyus screamed, and David Bowling, who had also stopped at the rest area, heard the screams, saw a man exiting

2

the ladies' room with a woman's purse, and yelled for the man to stop. The man took off running, and Bowling and his two sons, who had heard the commotion, began to chase the man, who was wearing a red sweatshirt. Bowling's sons caught up to the person in the red sweatshirt, tackled him, and brought him back to the rest area. When asked if the man who his sons brought back was wearing the same type of clothes that he saw on the man with the purse, David Bowling testified, "Oh, yes, it was the same individual." The police eventually arrived, took the man into custody, and Danyus identified the red sweatshirt as being the same the robber wore. Officers then followed the trail of the chase and found Danyus's purse. The man the officers took into custody was Martinez, the appellant. When Martinez was booked into jail, he gave his name as "Oscar Cuello" and signed several booking-related documents with that name. The officers also found a fake Social Security card in Martinez's possession; the card was also in the name "Oscar Cuello."

Martinez was indicted as follows: Count 1 — robbery by sudden snatching (OCGA §§ 16-8-40(a)(3)); Counts 2 - 5 — forgery in the first degree for using a fictitious name on four separate documents (OCGA § 16-9-1 (b)); and Count 6 — making a false statement by providing a false name "throughout the booking and investigation process surrounding a robbery" (OCGA § 16-10-20). Martinez was not

charged with a crime arising out of his possession of a social security card in the name of Oscar Cuello.

At trial, Martinez did not contest that he gave a false name to the officers and on the documents, and the jury found Martinez guilty on all counts. He was sentenced to 20 years for robbery, 10 years on Count 2 to run consecutive to Count 1, 10 years on each of Counts 3 through 5 to run concurrently with Count 2, and 5 years on Count 6 to run concurrently with Count 2, for a total of 30 years with 15 to serve and 5 on probation. Martinez moved for a new trial, which, following a hearing, the trial court denied with one exception; the Court held that the rule of lenity required that on Count 6, Martinez be sentenced for the misdemeanor offense of providing false information to law enforcement under OCGA § 16-10-25. Accordingly, the court resentenced Martinez on Count 6 to 12 months to serve concurrent with Count 2.

1. Construed in favor of the verdict, the evidence was sufficient to support the conviction of robbery by sudden snatching; Martinez does not challenge the sufficiency on the remaining counts. Martinez's argument on appeal is that no witness ever identified him as the person who took the purse and that the circumstantial evidence that he did so was insufficient to exclude every other reasonable hypothesis save that of the guilt of the accused as required by OCGA § 24-14-6 ("To warrant a

4

conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."). But the evidence showed that at 3:00 a.m. at a rest area, a man in a red jacket or sweater stole a purse from the restroom, that he was seen leaving the bathroom with the purse, that the same man was chased and caught, that he was wearing a red jacket, that the purse was found on the route of the chase, that no evidence was presented to show that there were other men in red in the immediate vicinity, that Martinez gave a false name to the officers investigating the crime, and that Martinez was the man chased and arrested that night. This circumstantial evidence was sufficient to identify Martinez as the person who took the purse. See *Ware v. State*, 198 Ga. App. 24, 25-26 (1) (400 SE2d 384) (1990) (circumstantial evidence was sufficient to identify the defendant as the burglar, which included that defendant was found walking near, in place and time, to burglarized residence; that he lied about his identity and produced a stolen driver's license; that he gave three different stories about his conduct; that he was in an area of houses and woods at about 7:00 a.m. not near a purported job; that a boot print was found at the victim's home and the defendant was wearing boots; and the defendant had a knife with piece of wire on it, and a telephone wire had been cut at the victim's residence).

5

2. Martinez contends the trial court erred by not applying the rule of lenity to Counts 2 through 5. He contends he should have been sentenced under OCGA § 16-10-20 for making a false statement or writing, which carries a punishment of imprisonment for one to five years and a fine, rather than under OCGA §§ 16-9-1 (b) for forgery in the first degree, which, at the time of Martinez's conviction,[1] carried a punishment of imprisonment for one to ten years.

> The Supreme Court recently described the rule of lenity as follows:
>> When the statutory law establishes different punishments for the same offense, courts sometimes apply the rule of lenity to resolve the statutory ambiguity. Properly applied, the rule of lenity directs the courts to resolve such ambiguities in favor of a defendant, according the defendant the benefit of the doubt about what punishment the law authorizes in his case, and presuming that the law was meant only to permit the lesser punishment. Although the rule of lenity perhaps has been applied in Georgia most commonly when the statutory law established both felony and misdemeanor punishments for the same offense, its application is not limited to that particular circumstance.

*Rollf v. Carter*, 298 Ga. 557, _ (_ SE2d _ ) (2016) (citations and footnote omitted). "Of course, if it is determined after applying the traditional canons of construction that the relevant statutory text is unambiguous, then the rule of lenity will not apply."

---

[1] See 2012 Ga. L. § 3-5, eff. July 1, 2012.

6

*McNair v. State*, 326 Ga. App. 516, 518-519 (757 SE2d 141) (2014) (footnote

omitted). "The fundamental inquiry [when assessing whether the rule of lenity

applies] is whether the identical conduct[, meaning the specific conduct with which

the defendant was charged,] would support a conviction under either of two [criminal

statutes] with differing penalties." Id. at 519 (footnote omitted).

> Here, Martinez was charged with four counts of forgery in that he did
>
> unlawfully, with intent to defraud, knowingly make a signature on the
> signature line of [each of four separate documents], a writing, in the
> fictitious name of Oscar Cuello, and did utter and deliver said writing to
> the Turner County Sheriff's Department.

As defined at the time of the underlying offenses, the offense of forgery in the

first degree occurred when,

> with intent to defraud [a person] knowingly ma[de], alter[ed], or
> possesse[d] any writing in a fictitious name or in such manner that the
> writing as made or altered purports to have been made by another
> person, at another time, with different provisions, or by authority of one
> who did not give such authority and utters or delivers such writing.

See OCGA § 16-9-1 (2012). The offense of making a false statement or writing

occurs when a person

7

knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state[.]

OCGA § 16-10-20. Although the State argues that OCGA § 16-10-20 does not require a showing of "intent to defraud" like the forgery statute, OCGA § 16-10-20 requires the equivalent in that it requires the State to prove that the person knowingly and willingly engaged in concealing material facts, making fraudulent statements, or falsifying documents knowing them to be false or fraudulent. Moreover, as the Supreme Court has explained, OCGA § 16-10-20 carries a mens rea requirement that "requires a defendant to know and intend, that is, to contemplate or expect, that [the prohibited conduct] will come to the attention of a state or local department or agency with the authority to act on it." *Haley v. State*, 289 Ga. 515, 521 (2) (b) (712 SE2d 838) (2011). And that, thereby, the prohibited conduct "threatens to deceive and thereby harm the government." Id. at 528 (2) (c) (citation omitted). Thus, although OCGA § 16-10-20 does not specifically state that the defendant must have acted with

8

"intent to defraud" as is stated in the forgery statute, OCGA § 16-10-20 requires proof of the same mens rea.

Thus, an examination the plain meaning of the statutory language of the two crimes at issue shows that the specific conduct with which Martinez was charged would support a conviction under either of two crimes, thereby creating an ambiguity regarding the crime for which Martinez should be punished. See *Brown v. State*, 276 Ga. 606, 608 (1) & (2) (581 SE2d 35) (2003) (rule of lenity applied where "[u]sing the same evidence, a reasonable trier of fact could have found beyond a reasonable doubt that [the defendant's] conduct violated either" of two statutes with different punishments). Under OCGA § 16-9-1 (b), Martinez was guilty of intending to defraud the sheriff's department by knowingly making four writings in a fictitious name. Under OCGA § 16-10-20, Martinez was guilty of knowingly and willfully making a false statement of his name, in four writings, with the intent to deceive a government entity, i.e., the sheriff's department. The State does not argue that a rule of construction would resolve the above ambiguity, and we find no such rule. Therefore, because these two statutes provide for different penalties for the same conduct at issue in this case, the rule of lenity applies, and Martinez must be resentenced accordingly. See *McNair*, 326 Ga. App. at 521. We therefore reverse Martinez's

9

conviction on four counts of forgery in the first degree and remand for resentencing under OCGA § 16-10-20. Id. See also *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969) ("Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered.") (citation and punctuation omitted).[2]

3. Martinez contends his trial counsel was ineffective. To prevail on this claim, a defendant must prove both that his lawyer's performance was deficient and that he suffered prejudice as a result of this deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984). If he or she cannot meet the burden of proving either prong of the *Strickland* test, then we need not examine the other prong. *Battles v. State*, 290 Ga. 226, 229 (2) (719 SE2d 423) (2011).

With respect to the first prong, deficient performance, the defendant must show that his attorney performed his duties at trial in an objectively unreasonable way,

---

[2] The case upon which the State relies, *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005), is inapposite. In that case, the defendant argued that the rule of lenity should be applied to require sentencing under the crime of making a false statement to a police officer rather than for forgery in the first degree. But the defendant in *Quaweay* was charged with forgery for signing a false name to documents during his arrest, whereas the crime of making false statements to an officer, OCGA § 16-10-25 did not require proof of a writing. Id.

considering all the circumstances, and in light of prevailing professional norms. *Strickland*, 466 U. S. at 687-688 (III) (A). To demonstrate that he suffered prejudice, a defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694 (III) (B). "This burden, though not impossible to carry, is a heavy one." *Arnold v. State*, 292 Ga. 268, 270 (2) (737 SE2d 98) (2013), citing *Kimmelman v. Morrison*, 477 U. S. 365, 382 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). On appeal "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

(a) Martinez contends that trial counsel was ineffective by failing to object to evidence that he possessed a forged Social Security card, which, he asserts, constituted improper character evidence. Although Martinez was not charged with a crime arising out of the Social Security card, the State introduced the card as a part of its case in chief without objection by Martinez's trial counsel. The State further established that the card, in the name of Oscar Cuello, was not legitimate and that the

11

Social Security number was not in use. The officer who testified about the card also testified that he determined that Oscar Cuello was not the defendant's real name. At the hearing on the motion for new trial, trial counsel testified that he did not think the card would make any difference in the case. We agree. Although Martinez could have objected to this information, given that he admitted that he gave a false name to the officers and only contested the facts regarding the robbery, we conclude that he has failed to establish a reasonable probability that, if his counsel had objected to the introduction of the social security card, the result of the proceeding would have been different. See generally *Young v. State*, 292 Ga. 443, 445 (3) (738 SE2d 575) (2013).

(b) Martinez also contends that trial counsel was ineffective by failing to prepare adequately for trial. At the hearing on the motion for new trial, trial counsel testified that he met with Martinez three or four times prior to trial; that some of the witnesses lived in Florida and Kentucky; and that he interviewed two or three witnesses at the courthouse just prior to trial. Counsel did not recall if he spoke to any of the law enforcement witnesses. Also, the record reflects that trial counsel filed a discovery motion, a motion for a preliminary hearing, a non-particularized motion to suppress, a motion reserving the right to file additional motions, and a motion for new trial.

12

Martinez makes general assertions that his trial counsel should have done more, but at the hearing on the motion for new trial, he did not proffer what additional investigation would have revealed nor how any such information could have led to a different result. Thus Martinez failed to proffer any witnesses or other evidence to show how additional preparation would have led to useful information for trial. "In the absence of offering such evidence at the motion for new trial hearing, appellant cannot show prejudice." *Powell v. State*, 297 Ga. 352, 357 (5) (d) (773 SE2d 762) (2015) (citations omitted).

*Judgment affirmed in part and reversed in part, and case remanded for resentencing. Ellington, P. J., and Mercier, J., concur.*