**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 18, 2025**

# In the Court of Appeals of Georgia

A24A1714. THE STATE v. SMITH.

PIPKIN, Judge.

In this case, the State Court of Fulton County has dismissed the misdemeanor charges filed against Appellee Andrew Smith on the basis that the relevant accusations were filed outside the applicable statute of limitation. The State now appeals this decision, arguing that the trial court incorrectly applied the tolling provision set out in the various emergency orders issued by the Supreme Court of Georgia during the beginning of the COVID-19 pandemic. As explained below, we agree with the State and, consequently, reverse the judgment of the trial court.

The facts and procedural history relevant to this appeal are not in dispute. Following an incident on July 30, 2019, Appellee was arrested and charged with family

violence battery, see OCGA § 16-5-23.1 (f) (2), and cruelty to children in the third degree, see OCGA § 16-5-70 (d). On April 28, 2022, the State filed accusations against Appellee for each offense. Each of the accusations included the following language:

> as to the offenses charged . . . the period in which a prosecution must be commenced under OCGA § 17-3-1 and other applicable statutes does not include the dates beginning March 14, 2020, and ending June 30, 2021, pursuant to the Supreme Court of Georgia Order Declaring Statewide Judicial Emergency issued on March 14, 2020, and subsequent Orders Extending Declaration of Statewide Judicial Emergency issued on April 6, May 11, June 12, July 10, August 11, September 10, October 10, November 9, and December 9, 2020, and January 8, February 7, March 9, 2021, April 8, 2021, May 8, 2021, and June 7, 2021.

In January 2024, Appellee, through counsel, filed a plea in bar asserting that, according to the Fourth Order Extending Declaration of Statewide Judicial Emergency issued by the Supreme Court of Georgia in response to the COVID-19 pandemic,[1] the relevant statute of limitation was tolled for only 122 days and, thus, the April 2022 accusation was untimely. The State disagreed, pointing to later COVID-related orders from the Supreme Court of Georgia reflecting a tolling period of

---

[1] The relevant orders may be found online at https://www.gasupreme.us/court-information/court_corona_info/

2

approximately 450 days. The trial court agreed with Appellee and dismissed the

charges. The State now appeals, and we review the trial court's decision de novo. See

*State v. Phipps*, 372 Ga. App. 572, 572 (905 SE2d 329) (2024).

We have addressed this exact issue in two recent appeals, both of which -- like

this case -- originated in the State Court of Fulton County. As we previously

explained,

> [o]n March 14, 2020, pursuant to OCGA § 38-3-62 and citing the public health emergency presented by the COVID-19 pandemic, [then] Supreme Court of Georgia Chief Justice Harold Melton issued an order declaring a statewide judicial emergency. Among other things, the judicial emergency declaration suspended, tolled, extended and otherwise granted relief from any deadlines or time schedules in civil and criminal cases. The COVID-19 judicial emergency order[] [was] subsequently extended several times.

> On July 10, 2020, our Supreme Court issued its Fourth Order Extending Declaration of Statewide Judicial Emergency. The Fourth Order stated that, effective July 14, 2020, "all deadlines and other time schedules and filing requirements . . . that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order" would be reimposed, with certain exceptions and conditions, and that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." Importantly, however, the Fourth Order also stated that "[u]ntil grand jury proceedings are generally authorized, statutes of limitation in criminal cases shall also remain tolled." Our Supreme Court extended the COVID-19 judicial emergency orders a total of fifteen times, the last of which ended the

judicial emergency as of June 30, 2021. In its 15th Order, our Supreme Court indicated that "[u]ntil this Order expires, all Georgia courts shall continue to operate under the requirements set forth in the Order as extended." Although "[s]tatutes of limitation in criminal cases also remain tolled," the Court noted that "when this statewide judicial emergency order expires, all deadlines not already reimposed will immediately be reimposed (unless tolled by an applicable local judicial emergency order)."

(Citation and emphasis omitted.) *State v. Jones*, 371 Ga. App. 652, 654 (902 SE2d 210) (2024). See also *State v. Phipps*, 372 Ga. App. at 573. Thus, as we noted in *Phipps*, "although the statute of limitation for misdemeanor offenses is generally two years, [see OCGA § 17-3-1,] the COVID-19 emergency orders tolled the statute of limitation in criminal cases from March 14, 2020, until June 30, 2021." 372 Ga. App. at 573.

Appellee acknowledges this Court's decisions in *Phipps* and *Jones*, but he asks us to reconsider those cases based on his reading of the emergency orders. To consider Appellee's arguments, we look to the plain language of the emergency orders. See *Arco Design/Build v. Savannah Green I Owner*, 364 Ga. App. 380, 381-382 (875 SE2d 385) (2022). As to the emergency orders, Appellee points out that, while those orders expressly provide that the "statutes of limitation in criminal cases shall . . . remain tolled" during the pendency of those orders, such language is found *after* a statement in bold font concerning the suspension of grand juries and jury trials; this

4

bolded language, Appellee says, "makes it apparent" that the tolling language merely "refer[s] to the statute[s] of limitation in criminal cases that rely on grand jury proceedings." However, we must give consideration to the actual language used by the Supreme Court of Georgia rather than the font choice; the wording of the orders does not limit the tolling of the statutes of limitation to felony proceedings or to those involving grand juries but, instead, the orders plainly and broadly toll the "statutes of limitation in *criminal* cases."[2]

Similarly, Appellee asserts that the emergency orders also include a provision that "[c]ourts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment." According to Appellee, "[t]o read [these orders] as a blanket tolling of all criminal statute[s] of limitation[] would

_____

[2] Appellee also points out that, in the Sixth Emergency Order, the Supreme Court of Georgia stated that "while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, statutory deadlines based on indictments and jury trials will remain suspended and tolled." According to Appellee, if the emergency orders "tolled the statute[s] of limitation[] in all criminal cases, the Georgia Supreme Court would not need to specify their intent for statutory deadlines on indictments to remained tolled." This argument is a nonstarter because it fails to acknowledge this language could mean statutory deadlines related to indictments and jury trials *other* than statutes of limitation. Further, this language does not undermine the otherwise patent language tolling the relevant statutes of limitation in criminal cases.

conflict with this desire for cases to proceed by accusation." There is, however, no conflict. The word "may" in the "reminder" provision is clearly permissive, and the "reminder" provision merely encouraged the bench and bar to consider alternative ways in which to keep the criminal justice process moving. Simply put, prompting the legal community to consider alternative procedural means to further criminal prosecutions does not negate the plain language that otherwise tolls the statutes of limitation in criminal cases.[3] For these reasons, Appellee's arguments lack merit.

In conclusion, because the two-year statute of limitation in this case did not expire until after the accusations were filed against Appellee in April 2022, the trial court erred in dismissing the case against him. Accordingly, the judgment of the trial court is reversed.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur.*

---

[3] Appellee also asks this Court to apply the rule of lenity when construing the emergency orders. However, because there is no ambiguity in the order language that tolls the relevant statutes of limitation, the rule of lenity has no application here. See, e.g., *McNair v. State*, 293 Ga. 282, 284 (745 SE2d 646) (2013).